A00A0413. STAMPS v. JOHNSON et al.
(535 SE2d 1)

PHIPPS, Judge.
Allen and Regina Stamps filed a legal malpractice action against Donald W. Johnson and The Johnson Law Firm (hereinafter "Johnson"). The trial court dismissed the Stampses' complaint with preju-

dice because they did not file an expert affidavit as required by OCGA § 9-11-9.1. The Stampses appeal. We find the dismissal with prejudice was proper and affirm.

The Stampses previously brought a slip and fall action against Ingles Markets on behalf of their daughter. Johnson represented them. The trial court granted partial summary judgment to Ingles because it determined that the complaint had been filed one week after a two-year statute of limitation had elapsed. Johnson apparently took the position that a longer statute of limitation applied.[1]

The Stampses later filed this malpractice action. They did not file an expert affidavit as required by OCGA § 9-11-9.1, however, and Johnson filed a motion to dismiss contemporaneously with his initial responsive pleading.[2] The trial court granted the motion.

On appeal, the Stampses assert three bases for their contention that the trial court erred: first, the court denied them their right to a jury trial; second, the evidence clearly establishes legal malpractice by Johnson, creating questions of fact to be determined by a jury regarding the damages they suffered; and third, the trial judge abused his discretion because the failure to file the affidavit was a procedural defect which could have been cured.

Under *ABE Engineering v. Griffin, Cochran & Marshall*,[3] the trial court was correct in dismissing the complaint with prejudice. In *ABE*, the plaintiff failed to file an expert affidavit as required by OCGA § 9-11-9.1, and this court held that dismissal of the complaint with prejudice was the appropriate consequence. In accord with *ABE*, we affirm the judgment of the trial court.

*Judgment affirmed. Johnson, C. J., and McMurray, Senior Appellate Judge, concur.*

DECIDED MAY 10, 2000 —
RECONSIDERATION DENIED MAY 30, 2000.

Allen Stamps, *pro se.*
Regina Stamps, *pro se.*
*Johnson Law Firm, Donald W. Johnson,* for appellees.

---

[1] The Stampses have attached to the brief correspondence wherein they urged Johnson to file the complaint before the two-year period elapsed.

[2] See OCGA § 9-11-9.1 (b).

[3] 212 Ga. App. 586 (443 SE2d 1) (1994).