## A05A2221. HARDWICK v. ATKINS et al.
### (628 SE2d 173)

RUFFIN, Chief Judge.

This case provides yet another example of the perils attendant pro se litigation. If the law is inexcusably unknown, it is not currently unknowable. Negotiating a procedural minefield is sometimes difficult for the seasoned practitioner; it is even more so for the layperson.

Bobby Hardwick, proceeding pro se, filed a wrongful death suit against Dr. Miriam Atkins, Augusta Oncology & Associates, and University Health Services, Inc. (collectively, "the defendants") alleging that Atkins negligently caused the death of his wife by issuing a do not resuscitate order. The defendants moved to dismiss Hardwick's complaint based upon his failure to attach an expert affidavit as required by OCGA § 9-11-9.1. The trial court granted the motion, and this appeal ensued. Finding no error, we affirm.

1. As an initial matter, we must address the absence of the transcript from the record. After filing this appeal, Hardwick, who seeks to proceed in forma pauperis, filed a petition before the trial court to compel the preparation of transcripts notwithstanding his alleged inability to pay. The trial court denied the petition, and Hardwick appealed to this Court. Since the underlying issue involved equitable relief, we transferred that matter to the Supreme Court, which denied Hardwick's petition. Thus, it is apparent that no transcripts are forthcoming.

Nonetheless, that does not preclude our review of the underlying issue in this appeal — whether the trial court erred in dismissing Hardwick's complaint for failing to attach an expert affidavit as required by OCGA § 9-11-9.1. A motion to dismiss based upon the lack of an expert affidavit is a motion to dismiss for failure to state a claim under OCGA § 9-11-12 (b) (6).[1] And such motions are resolved by

---

[1] See *Hewett v. Kalish*, 264 Ga. 183, 185 (1) (442 SE2d 233) (1994).

looking to the pleadings and any attachments thereto.[2] As we have the pleadings in the record before us, the lack of a transcript does not hamper our review.

2. OCGA § 9-11-9.1 (a) provides, in relevant part, that in any lawsuit alleging professional malpractice, "the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which . . . shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." This provision applies in any cause of action that involves a medical question.[3] We have defined "medical questions" "as those 'concerning highly specialized expert knowledge with respect to which a layman can have no knowledge at all, and the court and jury must be dependent on expert evidence.' "[4]

In his complaint, Hardwick alleges that while his wife was an oncology patient at University Hospital, the defendants "negligently caused [her] death" when Atkins issued a do not resuscitate order despite instructions from Hardwick "to keep [his wife] alive." In other words, Hardwick contends that Atkins' actions caused his wife's death, which is professional negligence rather than simple negligence, as Hardwick contends. And the cause of death in a medical malpractice case is clearly a medical question, which requires expert testimony.[5] Since this case involves the questioning of medical judgment, the trial court properly dismissed it based upon Hardwick's failure to attach an expert affidavit as required by OCGA § 9-11-9.1.[6]

3. In view of our holding in Division 2, Hardwick's remaining enumerations of error are rendered moot.

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED MARCH 7, 2006 — ▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

Bobby Hardwick, *pro se.*
*Fulcher, Hagler, Reed, Hanks & Harper, David P. Dekle, Monique Walker*, for appellees.

---

[2] See *Hendon Properties v. Cinema Dev.*, 275 Ga. App. 434, 435 (620 SE2d 644) (2005).

[3] See *Shirley v. Hosp. Auth. of Valdosta/Lowndes County*, 263 Ga. App. 408, 409 (1) (587 SE2d 873) (2003).

[4] Id.

[5] See, e.g., *Cannon v. Jeffries*, 250 Ga. App. 371, 373 (1) (551 SE2d 777) (2001); *Anthony v. Chambless*, 231 Ga. App. 657, 658-661 (1) (500 SE2d 402) (1998).

[6] See *Shirley*, supra at 410.