A05A1628. JAMES v. HOSPITAL AUTHORITY OF THE CITY OF BAINBRIDGE et al.
(629 SE2d 472)

BERNES, Judge.

Bobby L. James appeals from the trial court's order dismissing his complaint against the Hospital Authority of the City of Bainbridge d/b/a Memorial Hospital and Manor ("Memorial Hospital") and Frederick Brown Lutz, M.D. based on his failure to timely file an

---

expert affidavit in support of his professional malpractice claims. See OCGA § 9-11-9.1 (a). James contends the trial court erred because he alleged claims for simple negligence which fall outside the requirements of OCGA § 9-11-9.1 (a). He also contends that the trial court erred in failing to abide by an automatic bankruptcy stay. For the following reasons, we affirm.

On November 27, 2001, James presented at the Memorial Hospital emergency room with complaints of abdominal pain, abdominal cramps, and constipation. James was treated by Dr. Lutz, who diagnosed him with diverticulitis, prescribed a medication, and then discharged him. On November 29, 2001, James returned to Memorial Hospital where he underwent emergency surgery for a gangrenous perforated appendix and an intra-abdominal abscess. Thereafter, James was transferred to another hospital where he was treated for acute renal failure secondary to his perforated appendix and abdominal sepsis.

On November 25, 2003, James filed his complaint, alleging that Dr. Lutz and Memorial Hospital "negligently failed to evaluate and treat [him] on November 27, 2001," and that their "mis-diagnosis" caused him to suffer certain injuries and damages. James specifically alleged that his injuries "were caused by Defendants' failure to properly evaluate [him], failure to properly diagnose [his] condition, and failure to properly treat [him]."

When James filed his complaint, he failed to submit an expert affidavit in support of his claims of professional negligence as required by OCGA § 9-11-9.1 (a). As a result, Dr. Lutz and Memorial Hospital moved to dismiss the complaint. Their motions were ultimately granted by the trial court in its order entered on March 4, 2005. In its order, the trial court also included a finding that "Plaintiff has failed to demonstrate that there are any bankruptcy proceedings which operate as a stay of this case."

1. James' first enumeration of error concerns the trial court's dismissal of his complaint for failure to submit a timely expert affidavit. Significantly, James does not challenge the trial court's dismissal of his professional negligence claims. Rather, James' sole argument is that his complaint should have been construed as also alleging claims of simple negligence which did not require submission of an expert affidavit and thus were not subject to dismissal.

Under OCGA § 9-11-9.1 (a), "[i]n any action for damages alleging professional malpractice, . . . the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim."

OCGA § 9-11-9.1 (a) (2003).[1] By negative implication, an expert affidavit is not required for claims averred in a complaint that are based on acts or omissions constituting simple negligence rather than professional malpractice. See *Shirley v. Hosp. Auth. of Valdosta/Lowndes County*, 263 Ga. App. 408, 409 (1) (587 SE2d 873) (2003). Whether the alleged acts or omissions constitute simple negligence or professional malpractice is a question of law for the court to resolve. *MCG Health v. Casey*, 269 Ga. App. 125, 128 (603 SE2d 438) (2004). The resolution of "[w]hether an act or omission sounds in simple negligence or medical malpractice depends on whether the conduct, even if supervisory or administrative, involved a medical judgment." *Herndon v. Ajayi*, 242 Ga. App. 193, 194 (2) (532 SE2d 108) (2000). "Medical judgments" are "decisions which normally require the evaluation of the medical condition of a particular patient and, therefore, the application of professional knowledge, skill, and experience." *Dent v. Mem. Hosp. of Adel*, 270 Ga. 316, 318 (509 SE2d 908) (1998). See also *Herndon*, 242 Ga. App. at 194 (2).

Applying these principles to the present case, we conclude that despite James' argument that his complaint can be construed as setting forth claims of simple negligence, all of his claims are plainly for professional medical malpractice. All of James' claims stem from his specific factual assertion that the defendants misdiagnosed his medical condition as diverticulitis and improperly discharged him from the emergency room based on that misdiagnosis without treating his actual ailment, appendicitis. How to diagnose and treat a patient presenting with certain symptoms is a "decision[ ] which normally require[s] the evaluation of the medical condition of a particular patient and, therefore, the application of professional knowledge, skill, and experience." *Dent*, 270 Ga. at 318; *Herndon*, 242 Ga. App. at 194 (2). Nor is there any allegation that the defendants committed a mere clerical or administrative error in diagnosing James with diverticulitis rather than appendicitis. See *Crawford v. Johnson*, 227 Ga. App. 548, 551 (2) (a) (489 SE2d 552) (1997). Compare *Lamb v. Candler Gen. Hosp.*, 262 Ga. 70, 71 (1) (413 SE2d 720) (1992) (complaint raised claim of simple negligence based on allegation that hospital employees installed wrong replacement parts in hospital surgical equipment); *Flowers v. Mem. Med. Center*, 198 Ga. App. 651, 651-652 (402 SE2d 541) (1991) (complaint raised claim of simple negligence based on allegation that hospital employees dropped patient). Thus, the complaint demonstrates that "[a] jury

---

[1] OCGA § 9-11-9.1 was amended effective February 16, 2005, by Ga. L. 2005, p. 1, § 3.

would be incapable of determining without the help of expert testimony whether the [defendants] exercised due care." *Shirley*, 263 Ga. App. at 410 (1).

"A complaint may be dismissed on motion if clearly without merit[,] and this want of merit may consist . . . in the disclosure of some fact which will necessarily defeat the claim." (Citation and punctuation omitted.) *Earl v. Mills*, 275 Ga. 503, 504 (2) (570 SE2d 282) (2002). See also *Davis v. Standifer*, 275 Ga. App. 769, 772 (1) (a) (621 SE2d 852) (2005). In light of the specific factual assertions made in James' complaint, we find no error in the trial court's decision to dismiss the complaint for failure to comply with the expert affidavit requirement imposed by OCGA § 9-11-9.1.

2. In his second enumeration of error, James contends that the trial court erred in failing to abide by an automatic stay allegedly imposed by the United States Bankruptcy Court for the Northern District of Maryland, Baltimore Division. As previously noted, the trial court found that James failed to demonstrate that there were any bankruptcy proceedings that would operate as a stay in this case.

Contending that the trial court's finding was erroneous, James relies upon certain documents attached to his brief purportedly relating to the bankruptcy action. However, in a previous order, we denied James' request to supplement the appellate record with documents from the United States Bankruptcy Court. "It is well settled that the burden on appeal is on the appellant to show error by the record. When a portion of the evidence bearing upon the issues before the trial court was not filed in the trial court and not made a part of the record on appeal, this Court may not consider such material." (Citation omitted.) *CNL Ins. America v. Moreland*, 226 Ga. App. 57 (485 SE2d 515) (1997). "A brief or an attachment thereto cannot be used as a procedural vehicle for adding evidence to the record. We must take our evidence from the record and not from the brief of either party." (Citation and punctuation omitted.) *Stolle v. State Farm &c. Ins. Co.*, 206 Ga. App. 235, 236 (2) (424 SE2d 807) (1992).

Since our review is confined to the record, we cannot consider the exhibits attached to James' brief which are not contained therein. The record is void of any other evidence supporting James' claim that this case was subject to an automatic bankruptcy stay. Accordingly, we must affirm the trial court's finding. *Caconi Candy & Gum v. Curtis Products Co.*, 245 Ga. App. 592, 593-594 (538 SE2d 497) (2000).

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED MARCH 23, 2006 —
RECONSIDERATION DENIED APRIL 6, 2006.

*Kenneth J. Rajotte,* for appellant.
*Hall, Booth, Smith & Slover, Michael S. Meyer von Bremen, William B. Mallow, Langley & Lee, Carl R. Langley,* for appellees.