A06A0865. BROWN v. TIFT HEALTH CARE, INC.
(630 SE2d 788)

BLACKBURN, Presiding Judge.

As administrator of his mother's estate, Larry Brown sued Tift Health Care, Inc. (Tift), for personal injuries his mother suffered while a client at Tift's nursing care facility. Following the trial court's dismissal of his complaint for failure to file an expert affidavit in accordance with OCGA § 9-11-9.1, Brown appeals, arguing that his

claims were for simple negligence, not professional malpractice, and that therefore OCGA § 9-11-9.1 did not require an affidavit. For the reasons that follow, we affirm in part and reverse in part.

"A motion to dismiss based upon the lack of an expert affidavit is a motion to dismiss for failure to state a claim under OCGA § 9-11-12 (b) (6)." *Hardwick v. Atkins.*[1]

> On appeal, [an order granting] a motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.

(Punctuation omitted.) *Peterson v. Columbus Med. Center Foundation.*[2]

Brown's complaint alleges that his mother, Irma Young, lived in a nursing care facility owned and operated by Tift. In July 2002, Young, who was 81 years old at the time, fell while being assisted in the restroom by a Tift employee. Brown's complaint alleges that she was helped back to her bed, but was not checked for injuries after the fall and was not immediately seen by a doctor despite her subsequent complaints of pain in her leg and shoulder.

Brown's complaint further alleges that, two months later, after persistent pain, Young was taken to a hospital and examined by a physician and her leg X-rayed. The X-ray revealed an untreated fracture in her leg. Brown alleges that, over the next 18 months, Young continued to suffer pain and discomfort as her condition deteriorated until she died in March 2004.

As Young's executor, Brown filed suit against Tift, seeking compensatory and punitive damages for Young's injuries which Brown alleged were caused by Tift's failure to properly care for Young. Brown alleged that Tift violated the Bill of Rights for Residents of Long-term Care Facilities, which obligates long-term care facilities to, among other things, provide services "with reasonable care and skill," and which creates a private cause of action for a violation of the statute.

---

[1] *Hardwick v. Atkins*, 278 Ga. App. 79 (1) (628 SE2d 173) (2006).
[2] *Peterson v. Columbus Med. Center Foundation*, 243 Ga. App. 749, 749-750 (533 SE2d 749) (2000).

See OCGA §§ 31-8-108 (a) (1); 31-8-126 (a). Brown's complaint also alleged negligence for Tift's failure to exercise due care while caring for Young at its facility.

Tift filed a motion to dismiss Brown's complaint, characterizing his action as one based on professional malpractice and citing OCGA § 9-11-9.1, which requires plaintiffs in professional malpractice cases to file with their complaints an affidavit from a qualified expert setting forth at least one negligent act or omission and the factual basis for the claim. Because Brown did not file such an affidavit with his complaint, the trial court granted Tift's motion, giving rise to this appeal.

Brown contends that the trial court erred in that his complaint alleges claims for simple negligence by Tift's nonprofessional staff, which are not subject to the affidavit requirements in OCGA § 9-11-9.1. We agree in part.

OCGA § 9-11-9.1 (a) provides as follows:

> In any action for damages alleging *professional malpractice* . . . against any licensed health care facility alleged to be liable *based upon the action or inaction of a health care professional licensed* by the State of Georgia and listed in subsection (d) of this Code section, the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim.

(Emphasis supplied.) The professionals to which OCGA § 9-11-9.1 (a) applies include, in relevant part, medical doctors, nurses, occupational therapists, physical therapists, and physicians' assistants.[3] Thus, "[a] § 9-11-9.1 affidavit is required when the issue is a defendant's compliance with a professional standard of conduct, but when professional judgment and skill are not involved, a § 9-11-9.1 affidavit is not required." (Citation omitted.) *Holloway v. Northside Hosp.*[4]

Here, because Brown did not file an affidavit with his complaint, he can maintain his claims only with regard to actions or omissions of Tift's employees in executing nonprofessional work duties. Similarly, Brown cannot maintain his claims based on medical questions, i.e., "those concerning highly specialized expert knowledge with respect to which a layman can have no knowledge at all, and the court

---

[3] OCGA § 9-11-9.1 (d).
[4] *Holloway v. Northside Hosp.*, 230 Ga. App. 371 (496 SE2d 510) (1998).

and jury must be dependent on expert evidence." (Punctuation omitted.) *Shirley v. Hosp. Auth. of Valdosta &c.*[5] Instead, Brown's claims are limited to challenges to the efficacy of conduct in carrying out "[a]dministrative, clerical, or routine acts demanding no special expertise[, which] fall in the realm of simple negligence." *Upson County Hosp. v. Head.*[6]

In support of both of his claims, Brown makes identical allegations: that Tift breached its duties by "[1] not properly documenting her fall, [2] by not checking her to see if she received an injury in her fall, and [3] by not assuring that she received proper medical attention after her injury."[7] Brown alleges that these acts and/or omissions were the proximate cause of Young's subsequent pain and suffering in that her leg was ultimately not treated properly.

Failure to adequately monitor for injuries and failure to assure proper medical care are analogous to claims previously held to fall within the realm of professional medical decisionmaking. See, e.g., *Edwards v. Vanstrom*[8] (affidavit required to support allegation of failure to properly monitor patient's condition); *Goodin v. Gwinnett Health System*[9] (affidavit required to support allegation of failure to provide adequate medical care). However, with respect to Brown's allegation that Young's fall was not properly documented, this encompasses a challenge to the efficacy of conduct in carrying out an administrative task not involving professional medical judgment. For example, such a challenge could depend on the accuracy, detail, or timeliness of a nonprofessional's account of Young's fall, which would not be subject to the affidavit requirement of OCGA § 9-11-9.1. As Brown's complaint alleges a scenario whereby Tift's staff purportedly engaged in simple negligence in performing the administrative tasks associated with documenting Young's fall, and in light of the standard of review and of the allegations as construed most favorably to Brown, we hold that Brown could possibly introduce evidence that would support his claims based on his allegation of a failure to properly document Young's fall. See *Peterson*, supra, 243 Ga. App. at 755 (2).

As Brown's allegation with respect to proper documentation of Young's fall challenges nonprofessional, administrative acts or omissions, the trial court erred in dismissing Brown's claims based on this

---

[5] *Shirley v. Hosp. Auth. of Valdosta &c.*, 263 Ga. App. 408, 409 (1) (587 SE2d 873) (2003).

[6] *Upson County Hosp. v. Head*, 246 Ga. App. 386, 389 (1) (540 SE2d 626) (2000).

[7] As no individuals were named in Brown's complaint, his claims are grounded on Tift's liability for the acts and omissions of Tift's agents and employees under the doctrine of respondeat superior, the application of which is not challenged in this appeal.

[8] *Edwards v. Vanstrom*, 206 Ga. App. 21, 22 (2) (424 SE2d 326) (1992).

[9] *Goodin v. Gwinnett Health System*, 273 Ga. App. 461, 463 (2) (615 SE2d 129) (2005).

allegation. We emphasize that Brown can maintain his claims against Tift only insofar as they involve the nonprofessional, administrative aspects of documenting Young's fall. See *Upson*, supra, 246 Ga. App. at 392-393 (2). Accordingly, the trial court did not otherwise err in dismissing Brown's complaint.

*Judgment affirmed in part and reversed in part. Mikell and Adams, JJ., concur.*

DECIDED MAY 3, 2006.

*Brown & Shamp, Laura M. Shamp*, for appellant.
*Chambless, Higdon, Richardson, Katz & Griggs, David N. Nelson*, for appellee.