A07A0411. WILLIAMS et al. v. ALVISTA HEALTHCARE CENTER, INC. et al.

(642 SE2d 232)

BLACKBURN, Presiding Judge.

Patricia Williams and Charles Stanford appeal the dismissal of their wrongful death claim against Alvista Healthcare Center, Inc. and four employees (collectively "Alvista"), contending that the trial court erred in (1) ruling that their complaint alleged professional malpractice which required them to file an affidavit in accordance with OCGA § 9-11-9.1 (a); and (2) concluding that laches barred their claim against two individual defendants. Because the plaintiffs alleged a theory of recovery against the nursing home based on nonprofessional negligence, we affirm in part and reverse in part.

A motion to dismiss based upon the lack of an expert affidavit is a motion to dismiss for failure to state a claim under OCGA § 9-11-12 (b) (6). On appeal, an order granting

[14] *Franklin v. State,* 281 Ga. App. 409, 411-412 (2) (636 SE2d 114) (2006).
[15] *Maldonado v. State,* 268 Ga. App. 691, 693-695 (1) (603 SE2d 58) (2004).

a motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.

(Citation, punctuation and footnote omitted.) *Brown v. Tift Health Care, Inc.*[1] Accordingly, we construe "the pleadings in the light most favorable to the losing part[ies] with the doubts resolved in [their] favor." *Coleman v. Coleman.*[2]

So viewed, the record shows that on June 22, 2002, Estelle Stanford, a resident of the Alvista nursing home, began complaining of chest pains, which were recorded in the June 24, 2002 nursing notes. At 11:00 p.m. on June 24, Stanford was seen by a doctor who diagnosed her with coronary insufficiency and prescribed a medication. Alvista's medication administration records show that Stanford was to receive the medication on June 25, 2002, at 8:00 a.m., but she did not. On June 26, 2002, Stanford died.

Stanford's son and daughter filed a wrongful death claim against Alvista, alleging that the nursing home's actions in failing to administer the medication ordered by the doctor contributed to the premature death of Stanford. They also alleged that the nursing home's failure to document Stanford's chest pain in accordance with Georgia Department of Human Resources regulations violated OCGA § 31-8-108 (a) (2) and contributed to her death.

Alvista answered and moved to dismiss, asserting that the plaintiffs failed to comply with OCGA § 9-11-9.1 (a), which requires the filing of an affidavit with complaints alleging professional malpractice. Without ruling on the motion, the trial court allowed the plaintiffs to conduct limited discovery, and, seven months later, Alvista renewed its motion to dismiss, and two unserved individual defendants moved to dismiss, asserting laches. After a hearing, the trial court granted the motion on both grounds, giving rise to this appeal.

1. Stanford's children contend that the trial court erred in ruling that the affidavit requirement in OCGA § 9-11-9.1 applied to their complaint, arguing that their complaint alleged ordinary negligence not based on professional malpractice. We agree in part.

[1] *Brown v. Tift Health Care, Inc.*, 279 Ga. App. 164, 165 (630 SE2d 788) (2006).
[2] *Coleman v. Coleman*, 265 Ga. 568, 569 (1) (459 SE2d 166) (1995).

OCGA § 9-11-9.1 (a) provides as follows:

> In any action for damages alleging professional malpractice against a professional licensed by the State of Georgia and listed in subsection (d) of this Code section or *against any licensed health care facility* alleged to be liable based upon the action or inaction of a health care professional licensed by the State of Georgia and listed in subsection (d) of this Code section, the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim.

(Emphasis supplied.) "Thus, a § 9-11-9.1 affidavit is required when the issue is a defendant's compliance with a professional standard of conduct, but when professional judgment and skill are not involved, a § 9-11-9.1 affidavit is not required." (Punctuation omitted.) *Brown v. Tift Health Care, Inc.*, supra, 279 Ga. App. at 166. The list of professionals to which OCGA § 9-11-9.1 (a) applies includes nurses. See OCGA § 9-11-9.1 (d).

Here, the complaint alleges two wrongful acts: (a) failure to properly administer medication, which was done by the nursing staff at Alvista, and (b) a violation of the Bill of Rights for Residents of Long-term Care Facilities, OCGA § 31-8-100 et seq. ("Residents' Bill of Rights") based on an alleged violation of a Health Department regulation by failing to properly document Stanford's complaints of chest pain.

(a) *Failure to administer medication.* With respect to failing to properly administer medication, this Court has stated that "[e]xamples of medical questions[, i.e., those involving professional judgment and skill] include cases where the plaintiff alleges the use of inappropriate medication[ or] *wrongful administration* of medication." (Footnote omitted; emphasis supplied.) *Shirley v. Hosp. Auth. of Valdosta/Lowndes County*.[3] Similarly, OCGA § 43-26-3 (6) defines the "practice of nursing" as requiring "substantial specialized knowledge of the humanities, natural sciences, social sciences, and nursing theory as a basis for assessment, nursing diagnosis, planning, intervention, and evaluation. It includes, but is not limited to . . . the *administration of medications* and treatments as prescribed by a

---

[3] *Shirley v. Hosp. Auth. of Valdosta/Lowndes County*, 263 Ga. App. 408, 409 (1) (587 SE2d 873) (2003).

physician." (Emphasis supplied.) See *Nowak v. High.*[4] Therefore, we view a nurse's administration of medication as within the scope of nursing duties involving professional skill and judgment. For example, the timing and urgency of administering the medicine is necessarily at issue in this case, and resolving such questions necessarily involves professional judgment. Accordingly, because the administration of medication involves the professional skill and judgment of a nurse, and nurses are licensed professionals to whom OCGA § 9-11-9.1 explicitly applies, we hold that the children's claim for failing to properly administer Stanford's medication is a claim of professional negligence. Therefore, the trial court correctly dismissed this claim based on the children's failure to comply with OCGA § 9-11-9.1. Cf. *James v. Hosp. Auth. &c.*[5]

(b) *Regulatory violation for failure to document complaints of chest pain.* Separate from the claim involving the administration of medication, the complaint also alleges that Alvista violated the Residents' Bill of Rights. Specifically, the complaint alleges that Alvista failed to document Stanford's complaints of chest pain in accordance with applicable Department of Health regulations. Such a regulatory violation, if proven, would amount to a violation of OCGA § 31-8-108 (a) (2), which provides that "[e]ach resident shall receive care, treatment, and services which are adequate and appropriate. Care, treatment, and services shall be provided as follows: . . . (2) In compliance with applicable laws and regulations."

This Court has previously held that a claim based on the "nonprofessional, administrative aspects of documenting [a] fall" in a nursing care facility is not subject to the pleading requirement in OCGA § 9-11-9.1. *Brown v. Tift Health Care, Inc.*, supra, 279 Ga. App. at 168. Likewise, here the children can maintain this claim to the extent that they can show Alvista failed to properly perform the nonprofessional, administrative aspects of documenting Stanford's complaints, and to the extent that such failure resulted in a regulatory violation leading to Stanford's injuries as alleged in the complaint. Accordingly, the trial court erred in dismissing this claim at this stage.

2. With respect to the remaining claim, the children also contend that the trial court erred in finding that two defendants were entitled to dismissal on the basis of laches. We disagree.

> In this State the filing of the petition in the clerk's office will be considered as the commencement of the suit, if

---

[4] *Nowak v. High*, 209 Ga. App. 536, 539 (433 SE2d 602) (1993).
[5] *James v. Hosp. Auth. &c.*, 278 Ga. App. 657, 660 (1) (629 SE2d 472) (2006).

service is perfected as required by law. Filing followed by service creates a pending suit from the date of filing. Where the statute of limitation accrues between the date of filing and the date of service, whether or not service relates back depends on the length of time and the diligence used by the plaintiff. In any case, the correct test must be whether the plaintiff showed that [he] acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible. A reasonable rule must be that in such case the trial judge should look at all the facts involved and ascertain whether the plaintiff was in any way guilty of laches. If [he] were, of course [he] would be barred, but if [he] acted in a reasonably diligent manner then [he] would not be. In making this determination the trial court is vested with a discretion to determine the cause of the delay; if it is attributable to the plaintiff and the court dismisses the complaint this court will not intervene.

(Citations and punctuation omitted.) *Jones v. Brown*.[6]

Here, Stanford died on June 26, 2002, and the children filed their first complaint on June 24, 2004, amending the complaint to name the two individual defendants on June 25, 2004. The statute of limitation for wrongful death required the children's claim to be filed within two years after Stanford's death, i.e., by June 26, 2004. See OCGA § 9-3-33. On March 24, 2005, the two individual defendants moved to dismiss on the grounds that they had not been served. As of the date of the dismissal hearing, December 5, 2005, the two individual defendants had not been served, and at the hearing plaintiffs' counsel gave no reason for the delay. As this hearing came more than seventeen months after the suit was filed, and more than eight months after the defendants had moved for dismissal on laches grounds, we discern no abuse of the trial court's discretion in dismissing the claims against the two individual defendants who were not served. See *Zeigler v. Hambrick*[7] ("[t]his Court has consistently used the phrase 'as quickly as possible' to describe due diligence in perfecting service").

*Judgment affirmed in part and reversed in part. Ruffin and Bernes, JJ., concur.*

---

[6] *Jones v. Brown*, 174 Ga. App. 632, 633 (331 SE2d 24) (1985).
[7] *Zeigler v. Hambrick*, 257 Ga. App. 356, 357 (1) (571 SE2d 418) (2002).

618

*Sanders, Haugen & Sears, C. Bradford Sears, Jr.*, for appellants.
*Insley & Race, Brynda R. Insley, George S. Johnson*, for appellees.