A07A1093. ATLANTA WOMEN'S HEALTH GROUP, P.C. et al. v. CLEMONS et al.

(651 SE2d 762)

JOHNSON, Presiding Judge.

This case comes to us on interlocutory appeal following the denial of the defendants' motion to dismiss based on the plaintiffs' failure to file an expert affidavit pursuant to OCGA § 9-11-9.1. In their complaint for damages, Stacey and Mason Clemons contend that their minor daughter, Laurel Anne Clemons, was seriously and permanently injured as a result of the negligence of Atlanta Women's Health Group, P.C. and Atlanta Women's Health Group II, LLC. The Clemonses further assert that no expert affidavit was required to be filed under OCGA § 9-11-9.1 because the Atlanta Women's Health Groups are not professionals licensed by the State of Georgia listed in OCGA § 9-11-9.1 (d) nor are they licensed health care facilities. On appeal, this Court reviews the denial of a motion to dismiss de novo.[1] Based on the information in the record at this time, we affirm the trial court's denial of the Atlanta Women's Health Groups' motion to dismiss.

OCGA § 9-11-9.1 (a) states as follows:

> In any action for damages alleging professional malpractice against a professional licensed by the State of Georgia and listed in subsection (d) of this Code section or against any licensed health care facility alleged to be liable based upon the action or inaction of a health care professional licensed by the State of Georgia and listed in subsection (d) of this Code section, the plaintiff shall be required to file with the

[2] See *Roberts v. Greenway*, 233 Ga. 473, 475 (1) (211 SE2d 764) (1975).

[1] *Johnson v. E. A. Mann & Co.*, 273 Ga. App. 716, 720 (616 SE2d 98) (2005).

complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim.

The Clemonses contend that since the Atlanta Women's Health Groups are not "licensed health care facilities," the expert affidavit requirement in OCGA § 9-11-9.1 does not apply. They cite the Supreme Court of Georgia's decision in *Minnix v. Dept. of Transp.*,[2] where the Court found that the plain and unequivocal language of OCGA § 9-11-9.1 only applies "to an employer that is a licensed health care facility in a suit where that employer's liability is premised on the action or inaction of a licensed health care professional listed in OCGA § 9-11-9.1 (f)."

In deciding whether an expert affidavit is required for a particular case, the court must determine whether the case involves a medical question.[3] If the issue of negligence involved is a medical question, OCGA § 9-11-9.1 applies, and the plaintiff is required to attach an expert affidavit to his complaint.[4] Medical questions are defined as "those concerning highly specialized expert knowledge with respect to which a layman can have no knowledge at all, and the court and jury must be dependent on expert evidence."[5]

Of course, not every suit which calls into question the conduct of one who happens to be a medical professional is a medical malpractice action.[6] We must look to the substance of an action against a medical professional in determining whether the action is one for professional or simple negligence.[7] OCGA § 9-11-9.1 is only applicable in cases involving professional negligence; in matters of simple negligence the affidavit requirement does not apply.[8] "The resolution of whether an act or omission sounds in simple negligence or medical malpractice depends on whether the conduct, even if supervisory or administrative, involved a medical judgment."[9]

In her order denying the motion to dismiss, the trial judge noted that it remained unclear from the complaint whether the Clemonses

---

[2] 272 Ga. 566, 567 (533 SE2d 75) (2000).

[3] *Shirley v. Hosp. Auth. of Valdosta/Lowndes County*, 263 Ga. App. 408, 409 (1) (587 SE2d 873) (2003).

[4] Id.

[5] (Punctuation and footnote omitted.) *Hardwick v. Atkins*, 278 Ga. App. 79, 80 (2) (628 SE2d 173) (2006).

[6] *Brown v. Tift County Hosp. Auth.*, 280 Ga. App. 847, 849 (635 SE2d 184) (2006).

[7] Id.

[8] *James v. Hosp. Auth. of the City of Bainbridge*, 278 Ga. App. 657, 659 (1) (629 SE2d 472) (2006).

[9] (Citation and punctuation omitted.) Id.

allege both ordinary and professional negligence against the Atlanta Women's Health Groups. We agree. The complaint as drafted gives no indication of whether the negligence alleged sounds in professional negligence or simple negligence. Absent anything in the record to indicate the type of negligence alleged, this Court will not assume it to be one type or the other, and the Clemonses are entitled to pursue a simple negligence claim without an expert affidavit.[10] Accordingly, we find that the denial of the motion to dismiss was the proper and prudent course of action based on the record as it now stands.

*Judgment affirmed. Phipps and Bernes, JJ., concur.*

DECIDED AUGUST 21, 2007 —
RECONSIDERATION DENIED SEPTEMBER 6, 2007.

*Peters & Monyak, Robert P. Monyak, Littler & Mendelson, Benson E. Pope,* for appellants.

*Orr & Edwards, W. Fred Orr II, James G. Edwards II,* for appellees.

---

[10] See *Brown,* supra at 850-851.