## A08A2201. LIU v. BOYD.
(668 SE2d 843)

BLACKBURN, Presiding Judge.

In this interlocutory appeal arising out of a wrongful death action, Young Jian Liu, M.D., challenges the partial denial of his motion to dismiss all the claims of Joyce Boyd, as surviving parent of Joshua A. Bell. Specifically, Dr. Liu contends that the trial court erred in finding that some of Boyd's claims alleged nonprofessional negligence, which did not require the filing of an affidavit in accordance with OCGA § 9-11-9.1 (a), and in not finding that Boyd's complaint failed to state a claim upon which relief could be granted. Because we find that all of Boyd's claims were based on professional negligence, we reverse the trial court's partial denial of Dr. Liu's motion to dismiss.

"A motion to dismiss based upon the lack of an expert affidavit is a motion to dismiss for failure to state a claim under OCGA § 9-11-12 (b) (6)." *Williams v. Alvista Healthcare Center*.[1] "On appeal, this Court reviews the denial of a motion to dismiss de novo." *Atlanta Women's Health Group v. Clemons*.[2] However, we construe the pleadings in the light most favorable to the plaintiff with any doubts resolved in her favor. See *Williams*, supra, 283 Ga. App. at 614.

So viewed, the complaint shows that between June 2005 and December 2005, Dr. Liu provided Boyd's son (Bell) with prescriptions for various pain medications. On December 30, 2005, Boyd's son died

---

[6] (Citation omitted.) *DeLoach v. State*, 272 Ga. 890, 892 (2) (536 SE2d 153) (2000).

[1] *Williams v. Alvista Healthcare Center*, 283 Ga. App. 613 (642 SE2d 232) (2007).

[2] *Atlanta Women's Health Group v. Clemons*, 287 Ga. App. 426 (651 SE2d 762) (2007).

as a result of multiple drug toxicity. On December 28, 2007, Boyd filed a wrongful death action against Dr. Liu, alleging that Dr. Liu breached the duty of reasonable care that he owed to Boyd's son by providing him with various pain medication prescriptions without taking steps to ensure that the prescriptions were not being abused. Her complaint further alleged that it was unclear whether her son was an actual patient of Dr. Liu but that Dr. Liu's negligence and intentional acts proximately caused her son's death. Boyd's complaint did not include an attached expert affidavit pursuant to OCGA § 9-11-9.1.

On December 30, 2007, Boyd filed a "Supplemented Complaint for Damages." In this complaint Boyd added two new paragraphs, alleging that Boyd's son may have been a patient of Dr. Liu and that he died as a result of Dr. Liu's breach of the standard of care. In addition, the "Supplemented Complaint" included the attachment of a consent order from the State Board of Medical Examiners, which sanctioned Dr. Liu for his prescription writing practices, and a paragraph, which in effect asserted that the attached consent order constituted an expert affidavit under OCGA § 9-11-9.1.

Dr. Liu filed an answer and a motion to dismiss, in which he argued that Boyd failed to state a claim upon which relief could be granted and that she failed to comply with the expert affidavit requirement under OCGA § 9-11-9.1. On April 7, 2008, the trial court issued an order, granting Dr. Liu's motion to dismiss Boyd's medical malpractice claims because she failed to file a sufficient expert affidavit but denying the motion as to Boyd's other claims on the ground that those remaining claims alleged ordinary negligence and thus an affidavit was not required. Subsequently, Dr. Liu obtained a certificate of immediate review, and this interlocutory appeal followed.

1. Dr. Liu contends that the trial court erred in not dismissing Boyd's entire complaint, arguing that all of Boyd's claims allege professional negligence, and thus the filing of an affidavit in accordance with OCGA § 9-11-9.1 (a) was required to support those claims. We agree.

OCGA § 9-11-9.1 (a) requires that any action alleging professional malpractice be accompanied by an expert affidavit setting forth "at least one negligent act or omission claimed to exist and the factual basis for each such claim." "Thus, a § 9-11-9.1 affidavit is required when the issue is a defendant's compliance with a professional standard of conduct, but when professional judgment and skill are not involved, a § 9-11-9.1 affidavit is not required." (Punctua-

tion omitted.) *Brown v. Tift Health Care*.[3] "Whether a complaint alleges ordinary negligence or professional malpractice is a question of law for the court, regardless of how the plaintiff categorizes it." (Punctuation omitted.) *Grady Gen. Hosp. v. King*.[4]

Here, in addition to claims of professional malpractice, Boyd's supplemented complaint alleges that Dr. Liu sold pain medication prescriptions to her son without actually treating him and without warning him of the dangers associated with the medications. Her complaint further alleges that by selling these prescriptions, Dr. Liu breached a duty of care that he owed to her son. Boyd argues that these specific allegations constitute claims of ordinary negligence, and therefore the trial court correctly found that they survived despite her failure to include an OCGA § 9-11-9.1 affidavit with her complaint. We disagree. "If the professional's allegedly negligent action requires the actor to exercise professional skill and judgment to comply with a standard of conduct within the professional's area of expertise, the action is for professional negligence." *Grady Gen. Hosp.*, supra, 288 Ga. App. at 102. We have previously held that "examples of medical questions, i.e., those involving professional judgment and skill include cases where the plaintiff alleges the use of inappropriate medication or wrongful administration of medication." (Punctuation and emphasis omitted.) *Williams*, supra, 283 Ga. App. at 615 (1) (a). See *Grady Gen. Hosp.*, supra, 288 Ga. App. at 102; *Shirley v. Hosp. Auth. of Valdosta/Lowndes County*.[5] Given that all of Boyd's claims, whether characterized as intentional or negligent, involve allegations that Dr. Liu inappropriately prescribed pain medications for her son, those claims question the exercise of Dr. Liu's professional skill and judgment, and Boyd was required to file an expert affidavit in accordance with OCGA § 9-11-9.1 (a). Accordingly, the trial court erred in partially denying Dr. Liu's motion to dismiss all of Boyd's claims. See *Grady Gen. Hosp.*, supra, 288 Ga. App. at 103.

2. In her appellee's brief, Boyd contends that the trial court erred in dismissing her professional negligence claims, arguing that the attachment of the consent order from the State Board of Medical Examiners to her supplemented complaint met the expert affidavit requirements under OCGA § 9-11-9.1. However, Boyd never filed a notice of appeal or cross-appeal, and thus we will not consider this contention.

---

[3] *Brown v. Tift Health Care*, 279 Ga. App. 164, 166 (630 SE2d 788) (2006).

[4] *Grady Gen. Hosp. v. King*, 288 Ga. App. 101, 102 (653 SE2d 367) (2007).

[5] *Shirley v. Hosp. Auth. of Valdosta/Lowndes County*, 263 Ga. App. 408, 409 (1) (587 SE2d 873) (2003).

OCGA § 5-6-38 (a) in relevant part provides: "A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained. . . . In civil cases, the appellee may institute cross appeal by filing notice thereof within 15 days from service of the notice of appeal by the appellant. . . ." In this matter, the record shows that Boyd failed to file either a notice of appeal or a notice of cross-appeal. Accordingly, we will not consider Boyd's attempt to appeal the trial court's dismissal of her professional negligence claims for failure to file an expert affidavit in accordance with OCGA § 9-11-9.1. See *Burns v. Howard*;[6] *Nat. Consultants v. Burt*.[7] See also *Stewart v. Milliken*.[8]

3. In light of our holding in Division 1, we need not address Dr. Liu's remaining enumeration of error.

*Judgment reversed. Miller and Ellington, JJ., concur.*

DECIDED OCTOBER 23, 2008.

*Carlock, Copeland & Stair, Wayne D. McGrew III, Heather H. Miller*, for appellant.

*Pugh, Barrett, Canale & Leslie, David A. Canale, John A. Leslie*, for appellee.

---

[6] *Burns v. Howard*, 239 Ga. App. 315, 317 (520 SE2d 491) (1999).

[7] *Nat. Consultants v. Burt*, 186 Ga. App. 27, 28 (1) (366 SE2d 344) (1988).

[8] *Stewart v. Milliken*, 277 Ga. 659, 660, n. 1 (593 SE2d 344) (2004).