A09A1287. ATLANTA WOMEN'S HEALTH GROUP, P.C. et al.
v. CLEMONS et al.
(681 SE2d 754)

BLACKBURN, Presiding Judge.

We granted this interlocutory appeal to consider the trial court's treatment of our decision in *Atlanta Women's Health Group, P.C. v. Clemons*[1] (*Atlanta Women's Health I*). Here, as in the previous case, Atlanta Women's Health Group, P.C. and Atlanta Women's Health Group II, LLC (collectively, "Atlanta Women's Health") appeal from the trial court's denial of their motion to dismiss the complaint filed against them by Stacey S. Clemons and her husband, Mason Clemons. Atlanta Women's Health argues that, in light of the Clemonses' admission that they are asserting claims for medical malpractice, our decision in *Atlanta Women's Health I* requires the dismissal of their complaint for failure to file an expert affidavit in accordance with former OCGA § 9-11-9.1 (2006).[2] We agree and therefore reverse the trial court's order.

"This appeal presents a question of law, which we review de novo." (Punctuation omitted.) *In the Interest of P. N.*[3] See also *Liu v. Boyd*[4] ("[o]n appeal, this Court reviews the denial of a motion to dismiss de novo") (punctuation omitted).

The record shows that the Clemonses' complaint, filed on March 31, 2006, sought to recover medical and related expenses incurred as

---

[7] *Stroud v. State*, 284 Ga. App. 604, 608-609 (2) (644 SE2d 467) (2007).

[1] *Atlanta Women's Health Group, P.C. v. Clemons*, 287 Ga. App. 426, 427 (651 SE2d 762) (2007).

[2] That statute required any complaint alleging professional malpractice to be accompanied by an expert affidavit setting forth "at least one negligent act or omission claimed to exist and the factual basis for each such claim." Former OCGA § 9-11-9.1 (a) (2006). Where a plaintiff failed to file the requisite expert affidavit, its complaint "[was] subject to dismissal for failure to state a claim. . . ." Former OCGA § 9-11-9.1 (b) (2006).

[3] *In the Interest of P. N.*, 291 Ga. App. 512, 512 (662 SE2d 287) (2008).

[4] *Liu v. Boyd*, 294 Ga. App. 224, 224 (668 SE2d 843) (2008).

a result of injuries suffered by their minor daughter, who was born on April 1, 2004. The complaint further alleged that the daughter's serious and permanent injuries were caused by the negligent conduct of Atlanta Women's Health.[5]

At the time the Clemonses filed their complaint, former OCGA § 9-11-9.1 (a) (2006) required the filing of an expert affidavit

> [i]n any action for damages alleging professional malprac-
> tice against a professional licensed by the State of Georgia
> and listed in subsection (d) of this Code section or against
> any licensed health care facility alleged to be liable based
> upon the action or inaction of a health care professional
> licensed by the State of Georgia and listed in subsection (d)
> of this Code section. . . .

Relying on this language, the Clemonses' complaint specifically alleged that they were not subject to the affidavit requirement of OCGA § 9-11-9.1 "because the defendants in this action are not professionals licensed by the State of Georgia . . . and . . . are not licensed health care facilities."

Atlanta Women's Health filed an answer and a contemporaneous motion to dismiss arguing that, because the complaint was asserting claims based on medical negligence, the Clemonses were required to file an expert affidavit. The trial court denied that motion, finding that (1) it was unclear whether the complaint asserted claims for both professional and ordinary negligence; and (2) the law was unclear as to whether the affidavit requirement applied to medical employers, other than licensed health care facilities, who were sued based upon the medical negligence of their employees. The trial court then certified its order for immediate review, and this Court granted Atlanta Women's Health's application for an interlocutory appeal.

In affirming the trial court's denial of the original motion to dismiss, this Court applied the language of OCGA § 9-11-9.1 as it existed in 2006 and acknowledged the Clemonses' argument that they were exempt from the affidavit requirement because they had not sued either a licensed professional or a licensed health care facility. We rejected that argument, holding that

> [i]n deciding whether an expert affidavit is required for a
> particular case, the court must determine whether the case

---

[5] Atlanta Women's Health Group, P.C. is a medical practice group, providing obstetric and gynecological care and services; Atlanta Women's Health Group II, LLC is merely a "billing entity," and provides no medical services.

> involves a medical question. *If the issue of negligence involved is a medical question, OCGA § 9-11-9.1 applies, and the plaintiff is required to attach an expert affidavit to his complaint.*

(Emphasis supplied.) *Atlanta Women's Health I*, supra, 287 Ga. App. at 427. We then affirmed the trial court's order, based on its finding "that it remained unclear from the complaint whether the Clemonses [had] allege[d] both ordinary and professional negligence against Atlanta Women's Health...." Id. at 427-428. Noting that "the Clemonses are entitled to pursue *a simple negligence claim* without an expert affidavit," we concluded "that the denial of the motion to dismiss was the proper and prudent course of action *based on the record as it now stands.*" (Emphasis supplied.) Id. at 428.

The Clemonses filed a motion for reconsideration of *Atlanta Women's Health I*, in which they specifically acknowledged that theirs was indeed a medical malpractice action. The motion asked this Court to set aside its original opinion and "expressly state that an expert affidavit was not required to be filed with the complaint in this case because Atlanta Women's Health is neither a professional licensed by the State of Georgia ... nor a licensed health care facility...." We denied that motion.

After the case was returned to the trial court, Atlanta Women's Health filed a second motion to dismiss, citing *Atlanta Women's Health I* and the Clemonses' subsequent admission that their complaint asserted claims for medical malpractice. The trial court denied that motion, erroneously interpreting *Atlanta Women's Health I* as leaving undecided the question of whether former OCGA § 9-11-9.1 (2006) required the Clemonses to file an expert affidavit to support their professional negligence claims against Atlanta Women's Health. The trial court held that because neither defendant was a licensed professional or a licensed health care facility, the 2006 statute did not require the Clemonses to file an expert affidavit. In reaching this conclusion, the trial court relied on a 2007 amendment to OCGA § 9-11-9.1, which added language expressly requiring an expert affidavit in any professional malpractice action filed against any legal entity, including professional and limited liability corporations. See OCGA § 9-11-9.1 (a) (2); Ga. L. 2007, p. 216, § 1. The trial court reasoned that because the statute did not previously contain this language, the 2006 version of OCGA § 9-11-9.1 did not require an expert affidavit in professional malpractice actions brought against corporate entities such as appellants.

The trial court certified its order for immediate review, and we

granted Atlanta Women's Health's application for an interlocutory appeal.

As noted above, *Atlanta Women's Health I* held that the Clemonses were entitled to pursue ordinary negligence claims against appellants. Supra, 287 Ga. App. at 428. This holding, in turn, was premised on the legal conclusion that, at the time the Clemonses initiated this litigation, the question of whether a plaintiff was subject to the expert affidavit requirements of former OCGA § 9-11-9.1 (2006) depended not upon the identity of the defendant, but upon the cause of action. Id. at 427. Under OCGA § 9-11-60 (h), "any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be." Thus, because the trial court's order was based on a legal conclusion that directly contradicts this Court's holding in *Atlanta Women's Health I*, it must be reversed. "A trial court, . . . regardless of its good intentions, cannot decide to disregard the opinions of this [C]ourt." *Eastgate Assoc. v. Piggly Wiggly Southern.*[6]

The Clemonses attempt to avoid this result by pointing to the trial court's conclusion that *Atlanta Women's Health I* did not directly address the question of whether the 2006 version of OCGA § 9-11-9.1 required them to file an expert affidavit. As previously stated, however, we disagree with this conclusion.[7] See *South Ga. Med. Center v. Washington*[8] ("[a]n adjudication on any point within the issues presented by the case cannot be considered a dictum, and this rule applies as to all pertinent questions . . . which are presented and decided in the regular course of the consideration of the case, and lead up to the final conclusion, and to any statement in the opinion as to a matter on which the decision is predicated") (punctuation omitted).

Moreover, even if, as the Clemonses contend, this question remained unsettled as a general matter, it did not remain unsettled

---

[6] *Eastgate Assoc. v. Piggly Wiggly Southern*, 200 Ga. App. 872, 873 (1) (410 SE2d 129) (1991).

[7] In this regard, we note that the holding in *Atlanta Women's Health I* was not without precedent. See *Brown v. Tift County Hosp. Auth.*, 280 Ga. App. 847, 848 (635 SE2d 184) (2006) ("[i]n a claim for medical malpractice, the affidavit requirement applies to issues of negligence involving medical questions"); *Hardwick v. Atkins*, 278 Ga. App. 79, 80 (2) (628 SE2d 173) (2006) (the expert affidavit requirement "applies in any cause of action that involves a . . . question" of medical negligence); *Landau v. Davis Law Group, P.C.*, 269 Ga. App. 904, 905 (1) (605 SE2d 461) (2004) (affirming dismissal of professional malpractice claim against a professional corporation where plaintiff failed to file an expert affidavit); *Stamps v. Johnson*, 244 Ga. App. 238, 238-239 (535 SE2d 1) (2000) (affirming dismissal of professional malpractice action against both attorney and his law firm for plaintiff's failure to comply with the expert affidavit requirement).

[8] *South Ga. Med. Center v. Washington*, 269 Ga. 366, 367 (1) (497 SE2d 793) (1998).

as to them. *Atlanta Women's Health I* explicitly held that, in the absence of an expert affidavit, the Clemonses could sustain only an ordinary negligence claim against Atlanta Women's Health. Supra, 287 Ga. App. at 428. That decision represents the law of the case and is "binding on this [C]ourt as well as the trial court." *Fulton-DeKalb Hosp. Auth. v. Walker.*[9] The Clemonses, therefore, may not successfully contend on this appeal that their malpractice claims were exempt from the expert affidavit requirement of former OCGA § 9-11-9.1 (2006).

Nor are we at liberty to review our holding in *Atlanta Women's Health I* based upon the Clemonses' argument that the 2007 amendment to OCGA § 9-11-9.1 demonstrates the correctness of their position. Regardless of the merits of the Clemonses' argument (which we do not address), it cannot prevail in this appeal.

> If the decision of an appellate court thereafter becomes "incorrect" because the law changes — either because of subsequent case law or because of later-enacted statutes — it may not be binding precedent for other situations. However, between the parties to the original decision it remains the law of the case.

*Fulton-DeKalb Hosp. Auth.*, supra, 216 Ga. App. at 787 (1). See also *Dicks v. Zurich American Ins. Co.*[10] ("[t]he principle in the decision may be reviewed and overruled in another case between different parties, but as between the parties the decision stands as the law of the case . . .") (punctuation omitted). Accordingly, we reverse the order of the trial court denying Atlanta Women's Health's motion to dismiss.

*Judgment reversed. Adams and Doyle, JJ., concur.*

DECIDED JULY 14, 2009

*Peters & Monyak, Robert P. Monyak*, for appellants.
*Orr & Edwards, W. Fred Orr II, James G. Edwards II*, for appellees.

---

[9] *Fulton-DeKalb Hosp. Auth. v. Walker*, 216 Ga. App. 786, 788 (1) (456 SE2d 97) (1995).
[10] *Dicks v. Zurich American Ins. Co.*, 231 Ga. App. 448, 450 (499 SE2d 169) (1998).