**FOURTH DIVISION**
**DILLARD, C. J.,**
**DOYLE, P. J., and MERCIER, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 30, 2018**

# In the Court of Appeals of Georgia

A18A1308. GREEN v. PATECO SERVICES, LLC.                    DO-046

DOYLE, Presiding Judge.

This appeal arises out of claims filed by Ephraim Green against Pateco Services, LLC, and others, alleging that Pateco was responsible for reporting hazards in the common area where Green's foot slipped into an open water meter causing him to spill hot oil on his face and body. Pateco moved for summary judgment, and the trial court granted the motion. Green appeals, arguing that the trial court erred by granting Pateco's motion because (1) Green was a third-party beneficiary to Pateco's service contract related to the area where Green fell; (2) genuine issues of material fact exist as to whether Pateco performed under the contract; and (3) genuine issues of material fact existed as to whether Green exercised ordinary care for his own safety. For the reasons that follow, we reverse.

The record shows that on the night of September 27, 2014, while working at Dantanna's Tavern, which is a restaurant located in a shopping center, Green was instructed to drain hot oil from a fryer. Because of an issue with the restaurant's interior oil filtration system, Green drained the oil into a large stock pot, which he carried outside of the restaurant, where he intended to pour it out after a possible misunderstanding about what he should be doing with the oil. While walking through the back lot, Green stepped into an uncovered water meter opening, which resulted in him spilling the contents of the pot onto himself and suffering third-degree burns over his face and body.

Green filed suit against Dantanna's Tavern, LLC; its owners Great Concepts, LLC, and David Clapp; and property owners DDR Corporation, Inc., and DDR Southeast Abernathy, LLC (collectively "DDR"), based on the defendants' failure to properly inspect and maintain the premises. Thereafter, DDR filed a third-party complaint against, et alia, Pateco alleging that it was responsible for maintaining the shopping center common area, and under the applicable service agreement between the parties, Pateco was liable for Green's injuries. Green then amended his complaint to add a claim against Pateco. The trial court granted summary judgment to Green's

employers based on a workers' compensation remedy barring those claims; Green's claims against DDR remain pending below.[1]

Prior to this event, DDR had entered into a contract with Pateco for parking lot "sweeping" services of the shopping mall grounds, including vacuuming, sweeping, and removing litter or debris from "the parking areas, driveways, entrances, exits, interior roadways, curbs, delivery[,] and/or loading dock areas," including the area where Green was injured. Additionally, Pateco was required to, inter alia, "[r]eport to [DDR] any problems or defects that may be observed during each service visit (e.g., safety hazards, property damage, large refuse[] stored outside, graffiti, abandoned vehicles, lights out, oil/paint spills or any unusual activity, etc.)." Pateco agreed that it would "plan and conduct the [s]ervices to safeguard all persons and property from injury." Pateco also agreed that

> [n]either the issuance of special instructions by Owner nor the adherence
> to them by [Pateco] shall relieve [Pateco] of the sole responsibility to

---

[1] DDR has filed an appellate brief in support of Pateco, and it argues that the trial court should have granted summary judgment based on Green's failure to establish, among other things, lack of superior knowledge and failure to exercise ordinary care, which affect the claims that remain pending against DDR below. But DDR failed to file either a notice of appeal or a notice of cross-appeal. Accordingly, this opinion does not address the pending claims against DDR. See, e.g., *Liu v. Boyd*, 294 Ga. App. 224, 226-227 (2) (668 SE2d 843) (2008).

maintain safe and efficient conditions at the Property. In connection with the [s]ervices, [Pateco] shall give all required notices and warnings that bear on the safety and protection of persons and property at the Property. . . . [Pateco] shall be solely responsible for safety in performing the [s]ervices and shall promptly remedy any injury, damage or loss in connection thereof. [Pateco] shall have an affirmative duty to actively investigate and maintain safe conditions in connection with the [s]ervices. In any emergency affecting the safety of persons or property at Property, [Pateco] shall take all reasonable immediate actions to prevent or alleviate threatened damage, injury, or loss.

With regard to the services provided to DDR, Pateco warrantied that it

was familiar with and experienced in performing the trades and work necessary for full performance of the Services. The Services include all services necessary or desirable for the proper an[d] safe completion of the Scope of Work in Schedule A . . . in accordance with all applicable laws, ordinances, requirements, or regulations and in a manner which will minimize health, safety, legal[,] and other risks to Owner, and its respective employees, agents, guests[,] and invitees.

Pateco also agreed that "[t]o the fullest extent permitted by law, [Pateco] hereby assumes the entire responsibility and liability for all Services . . . until final acceptance of the Services by Owner. . . ." And

[t]o the fullest extent permitted by law, [Pateco] agrees to protect, defend, hold harmless, and indemnify Owner, and all of their respective

4

affiliates, parents, subsidiaries, partners, members, directors, officers, stockholders, joint ventures, employees, agents, and successors and assigns . . . from and against any and all claims . . . of whatever type or nature[,] . . . which may be imposed upon, incurred by, asserted against, alleged against, or suffered by the DDR indemnitees arising, or alleged to arise out of, or in connection with, [Pateco]'s . . . (i) performance, non-performance, operations or obligations relating to the Services under this Agreement; [and/or] (ii) breach of this Agreement. . . .

After initially filing suit against DDR and his employer, Green amended his complaint to add a claim against Pateco, alleging that Pateco was negligent in performing its duties under the contract, which included warning of the open water meter cover so that the issue could be remediated by DDR. Green contended that pursuant to its contract with DDR, Pateco undertook to provide warnings of hazards on the grounds of the property — undertaking a duty to him and other invitees on the property — and a question of fact existed as to whether Pateco saw or should have seen the hazard of the open water meter cover, and whether it violated its duty under the contract by failing to "report any defects in the property" to DDR, allowing the hazard to remain, and thereby causing Green's injuries.

The trial court determined that (1) the contract between Pateco and DDR was not ambiguous; (2) Pateco undertook only to safely conduct parking lot sweeping

5

services; and (3) therefore, there was no duty to Green that Pateco breached under the contract related to his injury.

1. Green argues that the trial court erred by granting Pateco's motion for summary judgment because the plain language of the contract between Pateco and DDR showed that Green was a third-party beneficiary to the contract, and therefore, Pateco had a duty to Green. We agree.

> Although a business owner owes a nondelegable duty of ordinary care to its invitee, the duty thus imposed upon an owner or occupier of land is inapplicable to an independent contractor. [In *Anderson v. Atlanta Committee for the Olympic Games*,[2]] [t]he Supreme Court of Georgia . . . held that in personal injury cases against independent contractors, an injured party may not recover as a third-party beneficiary for failure to perform a duty imposed by a contract unless it is apparent from the language of the agreement that the contracting parties intended to confer a direct benefit upon the plaintiff to protect him from physical injury.[3]

Here, the language of the contract between Pateco and DDR required Pateco to report to DDR any problems or defects observed while maintaining the parking lot

---

[2] 273 Ga. 113 (537 SE2d 345) (2000).

[3] (Citations and punctuation omitted.) *Davidson v. Meticulously Clean Sweepers, LLC*, 329 Ga. App. 640, 643 (1) (765 SE2d 783) (2014), quoting *Anderson*, 273 Ga. at 117-118 (4).

and to do so "in a manner which will minimize health, safety, legal[,] and other risks to Owner, and its respective employees, agents, guests[,] and invitees." Moreover, unlike other contracts that contain express provisions excluding third-party beneficiaries, in this contract, the parties specifically identified invitees as beneficiaries of Pateco's services and contains no express exclusion.[4] Accordingly, the trial court erred by granting summary judgment to Patco based on the language of the contract.

2. We also agree with Green that, based on the testimony of Pateco employees, Green, and others, genuine issues of material fact exist as to whether Pateco breached its contractual duty by failing to warn of the damaged water meter cover; whether Green had superior knowledge of the danger of the open water meter cover; and whether he failed to exercise ordinary care for his own safety by carrying the oil outside, where some restaurants in the same shopping center (but not Dantanna's) had grease traps.

> [A]s a general proposition issues of negligence, contributory negligence[,] and lack of ordinary care for one's own safety are not

---

[4] Compare with *Davidson*, 329 Ga. App. at 643 (1). See *FPI Atlanta, L.P. v. Seaton*, 240 Ga. App. 880, 887-888 (5) (b) (524 SE2d 524) (1999) (physical precedent only).

susceptible of summary adjudication but should be resolved by trial in the ordinary manner. The trial court can conclude as a matter of law that the facts do or do not show negligence on the part of the defendant or the plaintiff only where the evidence is plain, palpable[,] and undisputable.[5]

Under this standard and based on this record and our holding in Division 1, we conclude that the trial court erred by granting summary judgment to Pateco.

*Judgment reversed. Dillard, C. J., and Mercier, J., concur.*

---

[5] (Citation omitted.) *Robinson v. Kroger Co.*, 268 Ga. 735, 739 (1) (493 SE2d 403) (1997).