### A06A1313. HOQUE v. EMPIRE FIRE AND MARINE INSURANCE COMPANY.
(637 SE2d 465)

MILLER, Judge.

Mohammed Mozammel Hoque, as administrator of the estate of Razia Sultana, filed a claim for wrongful death against Empire Fire and Marine Insurance Company ("Empire") and the estate of S. Shahzaman, who was Empire's insured and Sultana's husband. Hoque also filed a complaint for declaratory judgment to establish that Empire has a duty to provide both indemnification and a defense to the estate of Shahzaman. Empire filed a motion to dismiss, which was granted by the Superior Court of DeKalb County. Hoque appeals, claiming that the insurance policy's intrafamily exclusion clause did not justify dismissal of his complaint against Empire. We disagree and affirm.

We review a grant of a motion to dismiss to determine "whether the allegations of the complaint, when construed in the light most favorable to the plaintiff[, and] with all doubts resolved in the plaintiff's favor, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts." (Citation omitted.) *Cooper v. Unified Govt. of Athens-Clarke County*, 275 Ga. 433, 434 (2) (569 SE2d 855) (2002). A trial court's ruling on a motion to dismiss is subject to de novo review on appeal. *Mattox v. Yellow Freight Systems*, 243 Ga. App. 894 (534 SE2d 561) (2000).

So viewed, the record shows that Shahzaman rented a car from Courtesy Rentals, Inc., d/b/a Thrifty Car Rental, on December 22, 2002. As part of the transaction, Shahzaman received mandatory liability insurance with coverage issued by National Casualty Insurance Company. In addition, Shahzaman elected supplemental liability insurance, with coverage issued by Empire in the amount of up to $1 million. The policy included a provision excluding such supplemental liability insurance coverage for losses resulting from claims brought by family members of the insured.

Shahzaman then drove the rental car to Florida with his wife, Sultana, and their two children as passengers. He was driving approximately 100 miles per hour on Interstate 4 when the car left the roadway and struck a concrete barrier in the median. Shahzaman, Sultana, and both of their children were killed in the accident.

Hoque, as administrator of Sultana's estate, received $25,000 from National Casualty as the proceeds of the mandatory liability insurance policy. Empire refused payment under the $1 million supplemental liability policy, citing the policy's exclusion for claims brought by family members of the insured. Hoque sued Shahzaman's estate and Empire as the insurer, claiming that the policy's intrafamily exclusion clause was void as contrary to public policy.

"[S]ince Georgia law does not require liability insurance in every case, we have concluded that exclusions are not per se prohibited but must be individually evaluated to determine whether they are against public policy." (Citation omitted.) *Southern Guaranty Ins. Co. v. Preferred Risk Mut. Ins. Co.*, 257 Ga. 355, 356 (359 SE2d 665) (1987). An intrafamily exclusion will be upheld if it does not unfairly penalize an innocent victim or expose the insured to unanticipated liability. Id. Moreover, even in the absence of a policy containing an intrafamily exclusion, the doctrine of interspousal tort immunity may prohibit a suit between spouses, or the estates of spouses, as a matter of public policy. See *Larkin v. Larkin*, 268 Ga. App. 127, 128 (601 SE2d 487) (2004).

In *Govt. Employees Ins. Co. v. Dickey*, 255 Ga. 661, 662 (340 SE2d 595) (1986), the Supreme Court of Georgia refused to enforce an intrafamily exclusion. It determined, however, that the exclusion was

contrary to public policy only to the extent that it conflicted with Georgia's compulsory insurance law. Id.[1] Similarly, in *Stepho v. Allstate Ins. Co.*, 259 Ga. 475 (383 SE2d 887) (1989), the Supreme Court of Georgia held that an intrafamily liability exclusion violated public policy because it left the victim unprotected by insurance coverage. That Court held, however, that the "insurer is entitled to rely on the [intrafamily] exclusion as to sums above those required by our compulsory insurance law. That is to say, the compulsory insurance law does not establish public policy as to sums greater than those required by such law." Id. at 477 (2).

Here, enforcing the intrafamily exclusion does not conflict with Georgia's compulsory insurance law because Shahzaman was insured, and Sultana's estate has been compensated, under National Casualty's general liability policy for the full amount required under such law. OCGA § 33-7-11 (a) (1) (A). While Hoque may contend that the compulsory minimum insurance amount, as set by the Georgia legislature, is inadequate compensation for the loss of Sultana's life, Empire's intrafamily exclusion does not violate public policy because it does not prevent recovery of the compulsory minimum insurance amount. See *Cotton States Mut. Ins. Co. v. Neese*, 254 Ga. 335, 342 (2) (329 SE2d 136) (1985).

Finally, Hoque claims that the intrafamily exclusion clause was invalid because it did not include a provision explicitly alerting the insured that public policy would invalidate the exemption only to the extent required to ensure compliance with Georgia's compulsory insurance law. As established herein, the Supreme Court of Georgia has provided that an "insurer is entitled to rely on the [intrafamily] exclusion as to sums above those required by our compulsory insurance law." *Stepho*, supra, 259 Ga. at 477 (2). Such entitlement is not conditioned on the inclusion of an additional clause in the insurance policy stating that public policy will invalidate the intrafamily exclusion only to the extent that it conflicts with Georgia's compulsory insurance law. We have not previously required such a clause (see *Cotton States*, supra, 254 Ga. at 335), and we decline to do so here.

If Shahzaman or Sultana objected to the intrafamily exclusion as included in Empire's policy, he or she could have negotiated to have that provision removed, or, alternatively, declined the supplemental insurance offered by Empire and purchased supplemental insurance from a third party that did not require an intrafamily exclusion. Since Shahzaman consented to the exclusion, however, and since public

---

[1] While Hoque cites *Dickey*, supra, 255 Ga. at 662, to support his contention that "under Georgia law a family immunity exclusion would be valid only in cases where intrafamily immunity would be imposed," the Supreme Court of Georgia used such language in *Dickey* merely to describe the position of the trial court that it explicitly rejected. Id.

policy does not invalidate it, the exclusion must be enforced pursuant to its terms. See *Nationwide Logistics v. Condor Transp.*, 270 Ga. App. 277, 280 (2) (606 SE2d 319) (2004).

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 6, 2006.

*Christopher G. Knighton*, for appellant.

*Dennis, Corry, Porter & Smith, Michael F. Coogan, McCurdy & Candler, Margaret C. Courtright*, for appellee.