A07A0964. GRADY GENERAL HOSPITAL et al. v. KING et al.

(653 SE2d 367)

BARNES, Chief Judge.

Grady General Hospital and nurse Lisa Johnson (Grady General) appeal the trial court's denial of their motion to dismiss the complaint brought by Mildred and Kelvin King. King alleges that the nurse gave her the wrong medication. Grady General contends that the complaint should be dismissed because the Kings failed to attach an expert witness affidavit to their medical malpractice complaint. The Kings argue that the trial court properly determined that their claim was for simple negligence, and that an expert affidavit was not required. Because nurses are licensed health care professionals whose duties include the proper administration of medicine, we reverse the trial court's denial of Grady General's motion to dismiss.

King alleges in her complaint that, while she was a patient at Grady General, a nurse gave her the wrong medication. She "attempted to inform the nurse at the facility that it was the incorrect medication but to no avail." She further alleged that she suffered "additional complications" and stayed in the hospital longer because of this error, which caused her emotional pain and suffering. Grady General answered and raised as an affirmative defense that the complaint should be dismissed per OCGA § 9-11-9.1 because King did not include an affidavit in which an expert witness alleged at least one negligent act or omission by the defendants and the factual basis for the allegation. The trial court denied the motion to dismiss, finding that, pursuant to *Brown v. Tift County Hosp. Auth.*, 280 Ga.

---

[48] See *Howard v. State*, 182 Ga. App. 403, 404 (1) (355 SE2d 772) (1987); OCGA § 5-5-40 (a).

App. 847 (635 SE2d 184) (2006) "there certainly may be ordinary negligence present in this instance that does not require an expert affidavit."

OCGA § 9-11-9.1 mandates that any action alleging professional malpractice be accompanied by an expert affidavit setting forth "at least one negligent act or omission claimed to exist and the factual basis for each such claim." OCGA § 9-11-9.1 (a). "Whether a complaint alleges ordinary negligence or professional malpractice is a question of law for the court," regardless of how the plaintiff categorizes it. (Citation omitted.) *Crisp Regional Nursing &c. Center v. Johnson,* 258 Ga. App. 540, 542 (2) (574 SE2d 650) (2002). If the professional's allegedly negligent action requires the actor to exercise professional skill and judgment to comply with a standard of conduct within the professional's area of expertise, the action is for professional negligence. *Holloway v. Northside Hosp.,* 230 Ga. App. 371-372 (496 SE2d 510) (1998).

The practice of nursing is recognized as a profession subject to its own general standards of care and qualifications. OCGA §§ 9-11-9.1 (g) (12); 43-26-1 et seq. (registered nurses); *Candler Gen. Hosp. v. Joiner,* 180 Ga. App. 455, 456-457 (1) (349 SE2d 756) (1986). OCGA § 43-26-3 (6) defines the "practice of nursing" to include "the administration of medications and treatments as prescribed by a physician." *Nowak v. High,* 209 Ga. App. 536 (433 SE2d 602) (1993). In fact, the law requires a person dispensing medication to possess specific credentials. We have held before that whether medication was administered properly is a medical question involving professional judgment and skill. *Williams v. Alvista Healthcare Center,* 283 Ga. App. 613, 615-616 (1) (a) (642 SE2d 232) (2007); *Shirley v. Hosp. Auth. of Valdosta/Lowndes County,* 263 Ga. App. 408, 409 (1) (587 SE2d 873) (2003). We do not expect nurses to obey a physician's order without exercising their professional judgment to determine whether the order as written was proper, and we expect them to call the physician's attention to any question that arises. We also expect nurses to assess a patient's mental status to determine whether the patient's representations about her treatment are correct.

Therefore, we view a nurse's administration of medication as within the scope of nursing duties involving professional skill and judgment. For example, [whether the medication was "wrong" or "incorrect" necessarily] involves professional judgment. Accordingly, because the administration of medication involves the professional skill and judgment of a nurse, and nurses are licensed professionals to whom OCGA § 9-11-9.1 explicitly applies, we hold that the [plaintiffs']

claim for failing to properly administer [King's] medication is a claim of professional negligence.

*Williams v. Alvista Healthcare Center*, supra, 283 Ga. App. at 616 (1) (a).

In *Brown v. Tift County Hosp. Auth.*, supra, 280 Ga. App. at 849, we reviewed the extensive case law involving falls while in the care of medical professionals, much of which focuses on "the specific information known to the defendant about the victim's condition and about the surrounding circumstances immediately prior to the victim's fall." In *Brown*, we held that the complaint could be construed as setting forth ordinary negligence as a basis for recovery because it alleged that an occupational therapist deserted a patient standing alone in a shower despite the patient's cry for help. In this case, however, whether the nurse was negligent in administering a particular drug is a question involving professional judgment. Therefore, the trial court erred in denying Grady General's motion to dismiss this claim.

*Judgment reversed. Smith, P. J., and Miller, J., concur.*

DECIDED OCTOBER 26, 2007.

*Alexander & Vann, George R. Lilly II*, for appellants.
*Copeland & Haugabrook, Karla L. Walker*, for appellees.