A07A1784. BURKE v. PAUL et al.
(658 SE2d 430)

ADAMS, Judge.

David and Kathy Paul filed a complaint alleging negligence, trespass and conversion against James P. Burke arising out of actions he undertook as an expert witness in a wrongful death lawsuit filed

by Kathy Paul after her daughter, Elizabeth Ann Raulerson, died in an automobile accident. Burke moved to dismiss the Pauls' complaint on the ground that they failed to file an expert affidavit in compliance with OCGA § 9-11-9.1.[1] The trial court denied the motion, and certified the issue for immediate review. This Court subsequently granted Burke's application for interlocutory appeal.

Burke's motion to dismiss for failure to file an expert affidavit must be considered as a motion to dismiss for failure to state a claim under OCGA § 9-11-12 (b) (6). *Williams v. Alvista Healthcare Center*, 283 Ga. App. 613 (642 SE2d 232) (2007). And such a motion will not be sustained unless:

> (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.

(Citation and footnote omitted.) Id. at 613-614.

The Pauls owned the car involved in the fatal accident, and Kathy Paul alleged in her wrongful death action that Travis Good, Raulerson's boyfriend, was driving it at the time of the wreck. Good was insured by Atlanta Casualty Company ("ACC"), which provided him a defense to Kathy Paul's claims. In his defense, Good alleged that Raulerson, not he, was driving the car at the time of the accident, and ACC retained Burke, a professional engineer employed by Engineering and Forensic Services, Inc., to serve as an expert witness on that issue.

In that connection, Burke asked for access to the Pauls' automobile to obtain samples for DNA testing. The Pauls allege that Burke indicated he needed to remove the visor from the passenger side of the Pauls' automobile to get those samples. The attorneys for ACC, Good and Kathy Paul subsequently entered into a written stipulation providing that Burke, or someone on his behalf, would "obtain pieces of the 1998 Monte Carlo vehicle so that samples may be taken from the pieces in order that DNA tests may be performed" by a designated forensic laboratory. The document further stated that Kathy Paul would be allowed "to participate in the removal of the pieces of the car by either having a videographer present taking a video of the removal of the pieces or by having an expert of her choosing participate in the

---

[1] Although Burke also sought to dismiss the complaint on another ground, that ground is not before us in this appeal.

removal of the pieces," with the proviso that anyone "engaged in the removal of the pieces will not taint them by the introduction of any fingerprints or other items" that would interfere with the DNA testing. In addition, the stipulation allowed Burke to remove the car's right front wheel, including the tire and the rim, for further examination.

The Pauls allege, however, that Burke exceeded the authority granted in the stipulation by removing not only the car's visor and front wheel, but also the passenger headrest, portions of the dashboard on the passenger side and the cushion from the passenger seat. Because the crash left the passenger door inoperable, the Pauls allege that Burke removed the door by its hinges in order to obtain these items. They assert that Burke's actions so changed the car's appearance from the time of the accident that they were unable to use the car as an exhibit in the wrongful death jury trial, and as a result, the trial judge granted a mistrial. The Pauls' complaint seeks damages from Burke, alleging that his actions constituted trespass, conversion and negligence.

Burke moved to dismiss the complaint for lack of an expert affidavit, arguing that each of these causes of action allegedly arise out of acts or omissions they contend he committed while acting in his professional capacity as a forensic engineer and accident reconstruction expert. The trial court found, however, that because the Pauls were simply alleging that Burke exceeded the scope and permission granted in the parties' stipulation, their claims did not implicate the exercise of Burke's professional judgment and skills, and thus no professional affidavit was required. We agree.

Under OCGA § 9-11-9.1, any action alleging professional malpractice must be accompanied by an expert affidavit setting forth "at least one negligent act or omission claimed to exist and the factual basis for each such claim." OCGA § 9-11-9.1 (a). And "[w]hether a complaint alleges ordinary negligence or professional malpractice is a question of law for the court, regardless of how the plaintiff categorizes it." (Citation and punctuation omitted.) *Grady Gen. Hosp. v. King*, 288 Ga. App. 101, 102 (653 SE2d 367) (2007). "If the professional's allegedly negligent action requires the actor to exercise professional skill and judgment to comply with a standard of conduct within the professional's area of expertise, the action is for professional negligence." (Citation omitted.) Id. Thus,

> [a] professional negligence claim calls into question the conduct of the professional in his area of expertise. Administrative, clerical, or routine acts demanding no special expertise fall into the realm of simple negligence. . . . However, if a claim of negligence goes to the propriety of a

professional decision rather than to the efficacy of conduct in the carrying out of a decision previously made, the claim sounds in professional malpractice.

(Citation and punctuation omitted.) *MCG Health v. Casey*, 269 Ga. App. 125, 128 (603 SE2d 438) (2004).

Here, Burke argues that implicit in the Pauls' claims is the question of whether he properly exercised his professional judgment in deciding which pieces of the car to collect for DNA testing. We disagree. Although Burke was acting in his capacity as an expert witness when he removed portions of the Pauls' automobile, the complaint does not "call into question" his conduct "in his area of expertise," because it does not question the propriety of his professional decision-making in removing those pieces. Pretermitting the question of whether Burke, as a professional engineer, had the necessary expertise to determine where DNA samples could be located, the issue in this case is not whether he properly exercised professional judgment, but whether the stipulation gave him the authority to exercise his judgment or whether it limited him to removing only certain pieces of the car.

Thus, the resolution of the Pauls' claims requires a determination of whether Burke complied with the language of the stipulation, that is, whether he acted within the consent the Pauls granted for access to their automobile. Their claims do not demand a determination of whether Burke acted in compliance with the standard of conduct applicable to professional engineers. Accordingly, the Pauls do not allege a claim of professional malpractice. They assert claims of simple negligence and intentional tort, and the trial court properly denied Burke's motion to dismiss the complaint for failure to attach an expert affidavit. See *DeKalb Med. Center v. Hawkins*, 288 Ga. App. 840, 843 (1) (655 SE2d 823) (2007) (no claim of professional malpractice where issue is whether professionals committed an intentional tort in terminating life support without consent of the decedent or her family).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 29, 2008.

*Novy, Jaymes & Vaughan, Eugene Novy, Deborah M. Vaughan*, for appellant.

*Savage, Turner, Pinson & Karsman, Brent J. Savage, Kathryn H. Pinckney*, for appellees.