A09A1278. CUNNINGHAM et al. v. GAGE et al.
(686 SE2d 800)

ANDREWS, Presiding Judge.

We granted John Cunningham's application for interlocutory appeal of the trial court's order denying his motion to dismiss claims brought against him for fraudulent conveyance and quia timet. Cunningham argues that the fraudulent conveyance claim is barred

---

[25] Id.

by the statute of limitation and also argues that the plaintiffs lack standing to bring a quia timet action. We agree and reverse.

In ruling on a motion to dismiss, the trial court must accept as true all well-pled material allegations in the complaint and must resolve any doubts in favor of the plaintiff. *McLain v. Mariner Health Care*, 279 Ga. App. 410, 411 (1) (631 SE2d 435) (2006). We review the trial court's ruling de novo. *Hoque v. Empire Fire &c. Ins. Co.*, 281 Ga. App. 810, 811 (637 SE2d 465) (2006).

The facts alleged in the complaint are that in 1990, siblings Walter Gage III and Cheryl Johnson won a judgment of more than half a million dollars against their former stepmother, Jeannette Gage. The judgment was memorialized by the issuance of a fi. fa. which has been renewed and remains in force. The lawyers for the siblings each took an interest in the judgment, presumably for unpaid attorney fees.

In 1999, Jeannette Gage executed a quitclaim deed conveying to her brother, John Cunningham, a residence that she owned in Sandy Springs. The deed was recorded in August 1999. According to the complaint, the conveyance was for little or no consideration and was made to avoid the fi. fa.

Jeannette died in 2001, and in 2005, Cunningham conveyed the property by warranty deed to Mansour Maghari, who was apparently an innocent purchaser.

In 2007, Gage, Johnson, and their attorneys (collectively "plaintiffs") sued Cunningham, asserting claims for fraudulent conveyance and quia timet. They later amended their complaint to include claims for attorney fees and declaratory judgment.[1]

Cunningham moved to dismiss, arguing that the fraudulent conveyance claim was barred by the statute of limitation and that plaintiffs had no standing to maintain a quia timet action. The trial court denied Cunningham's motion, but signed a certificate of immediate review.

1. Under OCGA § 18-2-79, a fraudulent conveyance claim must be brought within four years after the transfer was made, "or, if later, within one year after the transfer . . . could reasonably have been discovered by the claimant." Jeannette transferred the property to her brother in 1999 by a quitclaim deed that was recorded that same year. This is the "fraudulent conveyance" that plaintiffs claim was done for no or extremely low consideration and for purposes of avoiding the fi. fa. Plaintiffs did not file their claim until eight years after the deed was recorded, four years after the statute of limitation had run on the claim. Thus, the fraudulent conveyance

---

[1] They also asserted claims against Maghari, but those claims are not at issue here.

claim is time-barred.

Plaintiffs claim that because the deed between Gage and Cunningham contained the signature of only one witness, it was not effective notice to the world or to creditors that there was a conveyance. That is not the test set out by the statute of limitation. Plaintiffs do not argue that they did not or could not have reasonably discovered the allegedly fraudulent transfer before the statute had run.

2. The trial court also erred in not granting Cunningham's motion to dismiss the quia timet claim. A quia timet, or quiet title action, is intended to remove a cloud on a plaintiff's title to land. See OCGA § 23-3-40. In order to bring a quia timet action, the plaintiff "must assert that he *holds* some current record title or current prescriptive title. . . . Otherwise, he possesses no title at all, but only an expectancy. . . ." (Emphasis in original.) *In re Rivermist Homeowners Assn.*, 244 Ga. 515, 518 (260 SE2d 897) (1979). In this case, plaintiffs do not assert that they have title to the property at issue. Thus, they have no standing to maintain a quia timet action. See id.

3. Cunningham also argues that the trial court erred in not dismissing plaintiffs' claims because the entire complaint is barred by laches. In light of our holdings in Divisions 1 and 2 above, we need not address this argument.

4. Plaintiffs argued that Cunningham's application should have been denied because interlocutory review will not dispose of the whole case. They point to their declaratory judgment claim, which Cunningham apparently did not seek to dismiss. But the declaratory judgment action is not a viable independent claim. It merely states that plaintiffs are "unsure of their rights relating to the property at issue." Because plaintiffs' claim to the property is time-barred, it follows that any declaration of their rights to the property would simply state that they have none. Thus, resolving the fraudulent conveyance and quia timet claims effectively resolves the declaratory judgment claim as well.

*Judgment reversed. Miller, C. J., and Barnes, J., concur.*

DECIDED NOVEMBER 5, 2009 —
RECONSIDERATION DENIED NOVEMBER 24, 2009 —

*Hall, Booth, Smith & Slover, John C. Cheshire,* for appellants.
*Fleming, Fried & Bonder, Scott L. Bonder, Weissman, Nowack, Curry & Wilco, Jeffrey H. Schneider,* for appellees.