A10A0693. ROBERSON v. NORTHRUP et al.
(691 SE2d 547)

BLACKBURN, Presiding Judge.

In this medical malpractice action, Beatrice Roberson appeals the dismissal with prejudice of her claims against Candler Hospital, two of its nurses (Lynette Daly and Ann Melvin), and anaesthesiologist Thomas Northrup and his professional association (Anesthesia Associates of Savannah), which dismissal took place after the applicable statute of limitations had run. Although Roberson mistakenly failed to attach to her complaint the required OCGA § 9-11-9.1 affidavits referenced in the complaint and in her possession at the time of filing, she maintains that the trial court should have allowed her to amend the complaint to attach the affidavits or at least should have only dismissed the complaint as "without prejudice" so that she could refile under the renewal statute (OCGA § 9-2-61 (a)). Because OCGA § 9-11-9.1 does not allow such amendments, and because dismissals for failure to attach such affidavits are dismissals for failure to state a claim and are therefore on the merits and with prejudice, her arguments fail. Accordingly, we affirm.

"In ruling on a motion to dismiss, the trial court must accept as true all well-pled material allegations in the complaint and must resolve any doubts in favor of the plaintiff. We review the trial court's ruling de novo." (Citations omitted.) *Cunningham v. Gage.*[1] See *TechBios, Inc. v. Champagne.*[2] So viewed, the complaint shows that on May 8, 2007, Roberson entered a hospital for a bunionectomy on her left foot, but the nurses and the anaesthesiologist mistakenly placed a anesthetic block on her right ankle before correcting the situation and placing the block on her left ankle; the block on her right ankle resulted in injury to her.

[1] *Cunningham v. Gage*, 301 Ga. App. 306, 307 (686 SE2d 800) (2009).
[2] *TechBios, Inc. v. Champagne*, 301 Ga. App. 592 (688 SE2d 378) (2009).

In April 2009, she sued the hospital, the nurses, the anaesthesiologist, and the anaesthesiologist's professional association for medical malpractice, alleging that she was attaching the required OCGA § 9-11-9.1 affidavits to her complaint. However, neither the complaint filed with the court nor the complaints served on the defendants had any such attachments.

Simultaneously with the filing of their answers on May 26, 2009, all defendants moved to dismiss the complaint for failure to attach the required affidavits. Rather than dismissing and refiling to cure the matter as provided under OCGA § 9-11-9.1 (f), Roberson's counsel simply opposed the motions to dismiss, attaching the missing affidavits (which were dated before the filing of the complaint) and filing his own affidavit that he thought he had attached the OCGA § 9-11-9.1 affidavits to the complaint. Four months later, the trial court dismissed the complaint with prejudice, citing *Bardo v. Liss*.[3] Roberson appeals this order.

*Bardo* is controlling. In that case, the medical malpractice plaintiffs also had the affidavit required by OCGA § 9-11-9.1 in hand but failed to file it with their complaint. Supra, 273 Ga. App. at 103-104. When the defendants moved to dismiss simultaneously with the filing of their answer, the plaintiffs failed to voluntarily dismiss the action but merely opposed the motion to dismiss, claiming mistake and filing the missing affidavit with the court. Id. The court granted the motion to dismiss without specifying whether it was with or without prejudice. Id. at 104. We affirmed, holding that the dismissal necessarily was with prejudice because it was for failure to state a claim, and that because the plaintiffs had failed to voluntarily dismiss their action prior to the trial court's having ruled on the motion, they could not seek to renew under OCGA § 9-2-61. Id. at 106-107 (2).

*Bardo* is not only binding but persuasive. There is no question that Roberson was suing the professional defendants and hospital for medical malpractice, which required that she attach an OCGA § 9-11-9.1 affidavit to her complaint. As stated in *Jordan, Jones & Goulding v. Balfour Beatty Constr.*[4] (quoted in *Bardo*, supra, 273 Ga. App. at 104 (2)), "[i]f the required affidavit is not filed with the complaint, the complaint is subject to dismissal for failure to state a claim. A dismissal for failure to state a claim is a dismissal on the merits and is with prejudice." See *Shuler v. Hicks, Massey &*

---

[3] *Bardo v. Liss*, 273 Ga. App. 103 (614 SE2d 101) (2005).

[4] *Jordan, Jones & Goulding v. Balfour Beatty Constr.*, 246 Ga. App. 93, 93 (1) (539 SE2d 828) (2000).

*Gardner*[5] ("the failure to file an expert affidavit renders a plaintiff's complaint subject to dismissal for failure to state a claim"); *Burke v. Paul*[6] ("motion to dismiss for failure to file an expert affidavit must be considered as a motion to dismiss for failure to state a claim under OCGA § 9-11-12 (b) (6)"). See also *Stamps v. Johnson*[7] (where "the plaintiff failed to file an expert affidavit as required by OCGA § 9-11-9.1, . . . this [C]ourt [has] held that dismissal of the complaint with prejudice was the appropriate consequence"); *Mendoza v. Pennington*[8] ("[f]ailure to [file OCGA § 9-11-9.1 affidavit] results in a dismissal with prejudice"). The statute does not allow a plaintiff in such a circumstance to cure the defect by attaching the affidavit through amendment. See *Shuler*, supra, 280 Ga. App. at 740 (1) (a) ("the failure to file an expert affidavit cannot be cured by amendment . . ."); *Fales v. Jacobs*[9] ("nothing in the current version of OCGA § 9-11-9.1 [except under a rule inapplicable here] permits a party to add the necessary expert affidavit by amendment").

Rather, as stated in *Bardo*, the only remedy available to such a plaintiff is to voluntarily dismiss her complaint before the trial court grants the motion to dismiss, thereby avoiding a decision on the merits of her complaint and also allowing her to seek to invoke the provisions of OCGA § 9-11-9.1 (f) providing for renewal under OCGA § 9-2-61 (a). Supra, 273 Ga. App. at 106 (2). See OCGA § 9-2-61 (a) (renewal available where "*the plaintiff* discontinues or dismisses the same") (emphasis supplied). Compare *Hobbs v. Arthur*[10] ("[a] suit is . . . void and incapable of renewal under OCGA § 9-2-61 (a) if there has been a judicial determination that dismissal is authorized"); *Chandler v. Opensided MRI of Atlanta*[11] (same). Thus, Roberson's extensive reliance on *Chandler* is to no avail, as in that case the plaintiffs voluntarily dismissed their case without prejudice before the trial court ruled on the defendants' motion to dismiss for failure to attach an expert affidavit, after which ruling the plaintiffs refiled their action. Id. at 146. See also *Patterson v. Douglas Women's Center*[12] ("[plaintiff] dismissed the action voluntarily and refiled it three months later"). Waiting until the trial court rules on the defendants' motion forfeits a plaintiff's right to renew the action, as

---

[5] *Shuler v. Hicks, Massey & Gardner*, 280 Ga. App. 738, 740 (1) (a) (634 SE2d 786) (2006).

[6] *Burke v. Paul*, 289 Ga. App. 826, 827 (658 SE2d 430) (2008).

[7] *Stamps v. Johnson*, 244 Ga. App. 238, 239 (535 SE2d 1) (2000).

[8] *Mendoza v. Pennington*, 239 Ga. App. 300, 300 (1) (519 SE2d 715) (1999).

[9] *Fales v. Jacob*, 263 Ga. App. 461, 462 (588 SE2d 294) (2003).

[10] *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994).

[11] *Chandler v. Opensided MRI of Atlanta*, 299 Ga. App. 145, 151 (2) (b), n. 9 (682 SE2d 165) (2009).

[12] *Patterson v. Douglas Women's Center*, 258 Ga. 803, 803 (1) (374 SE2d 737) (1989).

the judicial determination that dismissal is authorized causes the suit to become void and incapable of renewal. See *Buckler v. DeKalb County*;[13] *Tate v. Coastal Utilities, Inc.*;[14] *White v. Rolley*.[15]

The trial court did not err in dismissing Roberson's action with prejudice.

*Judgment affirmed. Barnes and Bernes, JJ., concur.*

DECIDED FEBRUARY 17, 2010.

*Derek J. White*, for appellant.

*Brennan & Wasden, Wiley A. Wasden III, Sally H. Perkins, Bouhan, Williams & Levy, Leslie B. Horne, Carlton E. Joyce*, for appellees.

---

[13] *Buckler v. DeKalb County*, 290 Ga. App. 190, 191 (1) (659 SE2d 398) (2008).

[14] *Tate v. Coastal Utilities, Inc.*, 247 Ga. App. 738, 740 (1) (545 SE2d 124) (2001).

[15] *White v. Rolley*, 225 Ga. App. 467, 469 (2) (484 SE2d 83) (1997).