**THIRD DIVISION**
**ELLINGTON, P. J.,**
**BETHEL and GOBEIL, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 17, 2018**

# In the Court of Appeals of Georgia

A18A0908. GEORGE WESTLEY WENTZ et al. v. EMORY HEALTHCARE, INC. et al.

BETHEL, Judge.

In this medical malpractice action, George Westley Wentz appeals the dismissal with prejudice of his claims against Emory Healthcare, Inc. (Emory) and two nurses, as well as the dismissal of his renewal suit for the same cause of action. Wentz argues that because the trial court did not exercise its discretion to dismiss the suit with prejudice until after Wentz voluntarily dismissed the original action, the trial court erred in concluding that his renewal action was barred by *res judicata*. Because Wentz dismissed his original action without prejudice prior to the trial court ruling on Emory's motion to dismiss, thereby resulting in no final adjudication on the merits

of the original complaint, we find that Wentz's claims are not barred by *res judicata*. Accordingly, we reverse.

"In ruling on a motion to dismiss, the trial court must accept as true all well-pled material allegations in the complaint and must resolve any doubts in favor of the plaintiff. We review the trial court's ruling de novo." *Roberson v. Northrup*, 302 Ga. App. 405, 405 (691 SE2d 547) (2010) (citations omitted). So viewed, the record shows that Wentz originally filed this medical malpractice action on February 21, 2017, alleging that two unidentified nurses employed by Emory negligently removed his catheter, causing damage to his bladder, urethra, and prostate gland.[1] As required by OCGA § 9-11-9.1, Wentz filed an expert affidavit with his original complaint. On March 28, 2017, Emory filed its answer and a motion to dismiss for failure to state a claim, arguing in its motion that Wentz's expert affidavit was insufficient. Specifically, Emory argued that the expert affidavit failed to set forth the affiant's experience, and thus failed to satisfy OCGA § 24-7-702.

On May 2, 2017, Wentz voluntarily dismissed his case, terminating the action without prejudice and filing a final disposition of the matter. The following day, Emory moved to strike Wentz's dismissal without prejudice, arguing that because

---

[1] Civil Action File No. 17CV2515-6

2

Wentz failed to amend his expert affidavit within the statutorily-prescribed 30 days, OCGA § 9-11-9.1 (e) compels his complaint to be dismissed for failure to state a claim, which is a dismissal with prejudice.

Wentz refiled and renewed his action against Emory on July 13, 2017, and he attached an expert affidavit to his complaint.[2] This affidavit, however, contained updates that reflected the expert's experience and licensing status. In response, Emory filed a motion to dismiss the renewal complaint for failure to state a claim. In this motion, however, Emory argued that Wentz's claim was barred by *res judicata*. Emory contended that because Wentz's original suit could only be dismissed with prejudice under OCGA § 9-11-9.1, his renewal suit was barred.

On September 29, 2017 – almost five months after Wentz's voluntary dismissal – the trial court addressed these matters in an order that both converted Wentz's original dismissal to one with prejudice and dismissed his renewal action.[3] In its order, the trial court concluded that Wentz "had no absolute right to voluntarily dismiss [the] prior suit without prejudice under OCGA 9-11-41 (a)," and that "by

[2] Civil Action File No. 17CV7567-6

[3] The record reveals that the trial court set a hearing for Emory's motion to strike Wentz's dismissal without prejudice on July 17, 2017. However, there is no transcript of a hearing in the record.

3

operation of law, the earlier dismissal of the action was with prejudice, and the renewal action is barred by the doctrine of *res judicata*." This appeal followed.

1. Wentz first contends that the trial court erred in its order dismissing his original suit with prejudice for failure to amend the expert affidavit. Wentz argues that this dismissal without prejudice was a matter of right, and further, once dismissed, the trial court had no power to convert or modify it. We agree.

OCGA § 9-11-9.1 (e) provides:

> If a plaintiff files an affidavit which is allegedly defective, and the defendant to whom it pertains alleges, with specificity, by motion to dismiss filed on or before the close of discovery, that said affidavit is defective, the plaintiff's complaint shall be subject to dismissal for failure to state a claim, except that the plaintiff may cure the alleged defect by amendment pursuant to Code Section 9-11-15 within 30 days of service of the motion alleging that the affidavit is defective. The trial court may, in the exercise of its discretion, extend the time for filing said amendment or response to the motion, or both, as it shall determine justice requires.

Per the statute, Wentz had until April 27, 2017, to amend the alleged defect in the affidavit, or his complaint could be subject to dismissal for failure to state a claim. *See Jordan, Jones & Goulding v. Balfour Beatty Constr. Inc.*, 246 Ga. App. 93, 93 (1) (539 SE2d 828) (2000) ("A dismissal for failure to state a claim is a dismissal on the merits and is with prejudice."). It is undisputed from the record that Wentz did not amend the affidavit within 30 days, and thus, his suit was in jeopardy of a dismissal on the merits. It is also undisputed from the record that the trial court took no action after the 30 days expired. The trial court neither extended the time for filing the amendment, nor did it grant Emory's motion to dismiss for failure to state a claim. However, in anticipation of an order granting Emory's motion, Wentz voluntarily dismissed his case, and as a matter of law, concluded the matter. *See Mitchell v. Wyatt*, 192 Ga. App. 127, 129 (384 SE2d 227) (1989) (stating that a voluntary dismissal under OCGA § 9-11-41 (a) terminates an action).

In the order giving rise to this appeal, the trial court concluded, and Emory argues in its brief, that once the 30-day window had passed for Wentz to amend his expert affidavit, the defect became incurable, and thus, the suit could not be saved by a dismissal without prejudice and refiling of the action. This conclusion is not supported by OCGA § 9-11-9.1 (e) or *Chatham Orthopaedic*, the case on which

5

Emory and the trial court heavily rely. 262 Ga. App. 353 (585 SE2d 700) (2003) overruled on other grounds by *Berryhill v. Georgia Cmty. Support & Sols., Inc.*, 281 Ga. 439 (638 SE2d 278) (2006).

First, OCGA § 9-11-9.1 (e) indicates that if a plaintiff files an allegedly defective affidavit and fails to amend the alleged defect within 30 days, then the complaint shall be *"subject to* dismissal for failure to state a claim." OCGA § 9-11.9.1 (e) (emphasis supplied). Based on our review of the plain and ordinary meaning[4] of the text, OCGA § 9-11-9.1 (e) undoubtedly provides the trial court with discretion to dismiss a plaintiff's complaint for failure to state a claim if he fails to amend a defective affidavit within 30 days. This discretion, however, is not absolute. That is, it requires the trial court to take action while the case is still pending.

Here, although Wentz failed to amend his affidavit within the statutorily prescribed 30 days, he voluntarily dismissed his complaint before the trial court granted Emory's motion to dismiss or otherwise ruled in the case, "thereby avoiding

---

[4] When examining this statute, "we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would." *GeorgiaCarry.Org, Inc., et al. v. Atlanta Botanical Garden, Inc.*, 345 Ga. App. 160, 161-62 (812 SE2d 527) (2018) (citations omitted).

a decision of the merits of [his] complaint and also . . . providing for renewal under OCGA 9-2-61 (a)." *Roberson*, 302 Ga. App. at 407.[5] Therefore, the trial court had no power to modify, change, or convert what was a closed case.

Moreover, we are unpersuaded by the argument that *Chatham Orthopaedic* instructs this Court to find that if a plaintiff fails to amend a defective affidavit within the 30 day time period prescribed in OCGA § 9-11-9.1 (e), then such defects become incurable, and the plaintiff can no longer voluntarily dismiss his case without prejudice. *Chatham Orthopaedic* is distinguishable from the case at bar and ultimately demonstrates why this enumeration must fail.

In *Chatham Orthopaedic*, the plaintiff surgeons failed to file a written verification with their complaint as required by OCGA § 9-11-11.1, Georgia's Anti-Strategic Lawsuits Against Public Participation ("Anti-SLAPP") statute. 262 Ga. App. at 354. The plaintiffs also failed to verify their complaint within the statutorily-prescribed ten days after the omission was brought to their attention. *Id.* at 357-58. Under the version of OCGA § 9-11-11.1 that was effective at the time of the lawsuit,

---

[5] While the plaintiff in *Roberson* did not attach an expert affidavit to the complaint, the reasoning is instructive, and thus, we apply it here noting that the only remedy available to a plaintiff outside of amending the affidavit is to voluntarily dismiss the action prior to the trial court granting a defendant's motion to dismiss.

if the plaintiffs failed to verify their claim within those ten days, then the claim was to be stricken. OCGA § 9-11-11.1 (b) (2000) ("If the claim is not verified as required by this subsection, it *shall be stricken* unless it is verified within ten days after the omission is called to the attention of the party asserting the claim." (emphasis supplied)). Consequently, the plaintiffs "failure to file timely verifications of their [complaint] constituted a nonamendable defect requiring dismissal of the complaint with prejudice." *Id*.

Unlike the strict requirements of OCGA § 9-11-11.1, the operative statute here is OCGA § 9-11-9.1 (e), which does not mandate dismissal of a complaint with defective, non-amended expert affidavits. Rather, the relevant statute merely provides the trial court with discretion to dismiss the complaint for failure to state a claim should a plaintiff fail to amend the expert affidavit within the proscribed time. The statute does not bar a plaintiff from voluntarily dismissing and refiling their complaint. Thus, Emory's reliance on *Chatham Orthopaedic* is misplaced. Therefore, this enumeration fails.

2. Finally, Wentz contends that the trial court erred in dismissing his renewal suit. We agree.

8

As discussed in Division 1, *supra*, Wentz dismissed his original action without prejudice prior to the trial court ruling on Emory's motion to dismiss. *See* OCGA § 9-11-41 (a) ("[A]n action may be dismissed by the plaintiff, without order or permission of court . . . [b]y filing a written notice of dismissal at any time before the first witness is sworn. . . . A dismissal under this subsection is without prejudice[.]"). As there was no final adjudication on the merits of the original complaint, Wentz's claims are not barred by *res judicata*, and the complaint may be renewed pursuant to OCGA § 9-2-61.

*Judgment reversed. Ellington, P. J., and Gobeil, J., concur.*