**SECOND DIVISION**
**MILLER, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**May 21, 2021**

# In the Court of Appeals of Georgia

A21A0630. WENTZ et al. v. EMORY HEALTHCARE, INC. et al.

MILLER, Presiding Judge.

George Westley Wentz and Betty Suzanne Wentz (collectively, "Wentz"), plaintiffs in the civil action below, appeal from the trial court's order granting summary judgment to the defendants, Emory Healthcare Inc., d/b/a Emory University Hospital Midtown, et al. (collectively, "Emory") and dismissing the complaint with prejudice. Wentz contends that summary judgment was inappropriate because there are genuine issues of material fact as to his claims of battery and simple negligence.[1] Wentz, however, has failed to demonstrate that the trial court's judgment was erroneous, and we therefore affirm.

---

[1] Emory has filed a motion to dismiss this appeal on the ground that Wentz filed his appellate brief one day after the deadline (as extended) to do so. That motion is hereby denied.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. In reviewing a grant or denial of summary judgment, we owe no deference to the trial court's ruling and we review de novo both the evidence and the trial court's legal conclusions." (Citations and punctuation omitted.) *Swint v. Alphonse*, 348 Ga. App. 199, 199-200 (820 SE2d 312) (2018).

So viewed, the record shows that, in March 2016, Wentz underwent a laminectomy at a hospital owned by Emory Healthcare, Inc. A foley catheter was placed during the procedure and, two days later, a nurse improperly removed the catheter without first deflating the balloon. Wentz filed a civil action against Emory but later voluntarily dismissed his case. He then filed a renewal complaint based on the same allegations.[2] The renewal complaint did not indicate precisely what theory of recovery Wentz was pursuing, but it alleged that the nurse's failure to deflate the balloon violated "the basic and appropriate standard of care for nursing."

---

[2] The trial court dismissed the renewal complaint as barred by res judicata, but we reversed that decision, concluding that Wentz's voluntary dismissal of the first complaint was without prejudice. *Wentz v. Emory Healthcare, Inc.*, 347 Ga. App. 302 (819 SE2d 296) (2018).

2

Emory treated the action as a medical malpractice suit, and, after the discovery period ended, it filed a motion for summary judgment arguing that Wentz had failed to produce the expert witness testimony necessary to support his claim of professional negligence. Wentz, in turn, filed a motion to extend discovery. The trial court held a hearing on the motions, during which it indicated that it would grant Emory's motion for summary judgment and deny Wentz's request for additional time to secure expert testimony. Wentz then asserted that he had raised not only a claim of professional negligence, but also a claim of simple battery, which does not require a professional opinion. The trial court asked the parties to file supplemental briefs addressing "the battery issue."

In his supplemental brief, Wentz asserted that, although he initially consented to the nurse's removal of the catheter, he withdrew that consent by vehemently protesting and telling the nurse to stop after she began the removal. He contended that the nurse was negligent for failing to deflate the balloon before removing the catheter, and he maintained that the nurse's failure to stop removing the catheter in light of his protests was a battery. The trial court ruled in Emory's favor, concluding that Wentz had not raised a claim for battery in either his complaint or renewal complaint and, moreover, that all of Wentz's claims sounded in professional negligence. The trial

3

court further determined that, even if Wentz had raised a battery claim based on his withdrawal of consent to the removal of the catheter, that claim failed because he did not establish that it would have been feasible for the nurse to stop removing the catheter without the cessation being detrimental to his health. Accordingly, the trial court granted summary judgment to Emory as to all remaining claims, and it dismissed the renewal complaint with prejudice. Wentz then filed this appeal.

On appeal, Wentz asserts that he raised two claims for which summary judgment was inappropriate: battery and simple negligence. He contends that the nurse committed a battery against him by continuing to remove the catheter even after he protested, and he asserts that the nurse committed simple negligence by failing to follow the manufacturer's instructions as to how the catheter must be removed. We are not persuaded that the trial court erred.

1. First, as to the battery claim, Wentz's claim of error fails because he has not established that the nurse could have stopped removing the catheter without the cessation being detrimental to his health. Our precedent is clear that, absent such a showing, Wentz cannot sustain a claim for battery.

It is true that "[a] medical touching without consent constitutes the intentional tort of battery for which an action will lie." (Citation omitted.) *Roberts v. Connell*,

312 Ga. App. 515, 517 (1) (718 SE2d 862) (2011). Further, Georgia law has long-recognized that a patient can withdraw his consent to a medical examination or treatment even after that procedure is underway. See *Mims v. Boland*, 110 Ga. App. 477, 483 (1) (b) (138 SE2d 902) (1964). But for a medical practitioner to be subject to liability for battery based on continuing a treatment after the patient has withdrawn his consent, the plaintiff must prove two essential elements: (1) that when withdrawing his consent, the patient acted or used language that left "no room for doubt in the minds of reasonable men that in view of all the circumstances consent was actually withdrawn," and (2) that it was "medically feasible for the [practitioner] to desist in the treatment or examination at that point without the cessation being detrimental to the patient's health or life from a medical viewpoint." Id. at 483-484 (1) (b). See also *Williams v. Lemon*, 194 Ga. App. 249, 250 (2) (390 SE2d 89) (1990) (same). "The burden of proving each of these essential conditions is upon the plaintiff, and with regard to the second condition, it can only be proved by medical evidence as medical questions are involved." *Mims*, supra, 110 Ga. App. at 484 (1) (b).

Here, assuming arguendo that Wentz submitted evidence as to the first element – that he undoubtedly withdrew his consent during the removal procedure – he clearly

5

has not identified any evidence as to the second element – that the nurse could have stopped removing the catheter without the cessation being detrimental to his health. Indeed, the trial court applied this principle and cited *Mims* in issuing its ruling , but Wentz's appellate brief does not address this issue at all. Moreover, although "it is not the function of this Court to cull the record on behalf of a party," our review of the record has revealed no expert witness testimony to this effect or any other competent evidence supporting this second prong. See *Jenkins v. Sallie Mae, Inc*., 286 Ga. App. 502, 505 (3) (649 SE2d 802) (2007) (refusing to cull the record on behalf of party who failed to cite to specific portion of record to establish fact). Emory was, therefore, entitled to summary judgment on any battery claim.

2. As to Wentz's assertion that his complaint raised a claim of simple negligence, we conclude that this issue is not properly before us because Wentz did not raise it before the trial court.

> The purpose behind summary judgment is to dispose of litigation expeditiously and avoid useless time and expense to go through a jury trial. This purpose is thwarted when a party may withhold meritorious legal arguments until appeal. Allowing a party to raise new arguments also ignores the duties and responsibilities placed on the parties by OCGA § 9-11-56 . Each party has a duty to present his best case on a motion for summary judgment. This Court has specifically held that, in

6

responding to a motion for summary judgment, plaintiffs have a statutory duty to produce whatever viable theory of recovery they might have or run the risk of an adjudication on the merits of their case.

(Punctuation omitted). *Pfeiffer v. Ga. Dept. of Transp.* , 275 Ga. 827, 828 (2) (573 SE2d 389) (2002).

Here, at the hearing on Emory's motion for summary judgment, Wentz asserted that he had raised not only a claim of professional negligence, but also a claim of battery, and he argued that the battery claim could survive even without an expert affidavit. Notably, Wentz did not contend at that time that he had also asserted a negligence claim that could survive without an expert affidavit. The trial court directed the parties to file briefs "just on the battery issue," and Wentz titled his brief "Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment as to Plaintiff's Battery Claims." In the brief, Wentz argued that the nurse's removal of the catheter was a battery because (a) when he consented to the procedure, he was not informed that the removal would be performed without deflating the balloon, and (b) he withdrew his consent when he experienced excruciating pain, thus rendering the nurse's continued removal of the catheter a battery. Again, although Wentz clearly contended that he had raised a claim of battery which would survive summary

7

judgment, he did not contend that he had also raised a claim of ordinary negligence. Wentz's failure to raise this legal argument before the trial court precludes him from raising it on appeal. See *Pfeiffer*, supra, 275 Ga. at 828-829 (2).

Under the circumstances, Wentz has failed to show that the trial court erred by granting summary judgment, and we therefore affirm the trial court's judgment.

*Judgment affirmed. Hodges and Pipkin, JJ., concur.*