**THIRD DIVISION
DOYLE, P. J.,
REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**September 27, 2022**

# In the Court of Appeals of Georgia

A22A0817. GOTERBA et al. v. PURSIFULL et al.

DOYLE, Presiding Judge.

This case arises from a medical malpractice complaint filed by Linda Carol Goterba and Gary Goterba (collectively "Plaintiffs") in a renewal action for medical malpractice against Dr. Nathan Pursifull and Urology Center of Columbus, LLC, (collectively "Defendants"); the renewed complaint was dismissed by the trial court because it was filed outside the five-year statute of repose. The Plaintiffs appeal, arguing that the trial court abused its discretion by finding that the complaint was filed outside the statute of repose. For the reasons that follow, we vacate the trial court's order and remand the case for further proceedings consistent with this opinion.

The facts of the underlying action are not pertinent to this appeal, but as agreed by the parties, the Defendants performed surgery on Linda on June 8, 2016. After Linda suffered complications, the Plaintiffs sued the Defendants on June 8, 2018, which was undisputedly within the statute of limitations for medical malpractice claims as well as prior to the running of the statute of repose.[1] On May 5, 2021, the Plaintiffs dismissed without prejudice the first timely filed action. Thereafter, the Plaintiffs attempted to electronically file a renewal complaint on June 8, 2021,[2] but the filing was rejected by the docketing system on June 9 because the expert affidavit was filed as a separate document from the renewal complaint. After receiving the rejection notification on June 9, the Plaintiffs immediately refiled the renewal complaint and affidavit as a single document.

The Defendants filed a special appearance and motion to dismiss the renewal complaint on July 8, 2021, arguing that the Plaintiffs were barred from pursuing the

---

[1] See OCGA § 9-3-71 (a) ("Except as otherwise provided in this article, an action for medical malpractice shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred."), and (b) ("Notwithstanding subsection (a) of this Code section, in no event may an action for medical malpractice be brought more than five years after the date on which the negligent or wrongful act or omission occurred.").

[2] A renewal action may be filed within six months of the dismissal without prejudice of any timely filed complaint. See OCGA § 9-2-61 (a).

action because the complaint was filed on June 9, which was one day after running of the statute of repose, OCGA § 9-3-71 (b). The Plaintiffs responded, arguing that the trial court should consider the renewal complaint timely filed within the statute of repose because they had filed the necessary documents on June 8 but had been made to refile the same documents in a different way by the clerk, or alternatively, that the Georgia Supreme Court's Order Declaring a Statewide Judicial Emergency due to the spread of Coronavirus/COVID-19 tolled the statute of repose. The Plaintiffs also separately moved for the court to direct the clerk to change the date of filing from June 9 to June 8 to reflect that correct filing date. Attached to the motion was a copy of the county court's standing administrative order providing rules for electronic filing, including the right to petition to change the date of filing. Following a hearing on the matter, the trial court granted the Defendants' motion to dismiss. This appeal followed.

1. The Plaintiffs argue that the trial court abused its discretion by failing to order the clerk to change the filing date of the renewal complaint and affidavit to June 8 and that, as a result, the court also erred by granting the Defendants' motion to dismiss. We agree.

3

"In ruling on a motion to dismiss, the trial court must accept as true all well-pled material allegations in the complaint and must resolve any doubts in favor of the plaintiff. We review the trial court's ruling de novo."[3] "A trial court has broad discretion to correct clerical errors including a clerk's failure to mark a document as filed on the date that document is actually delivered to the clerk."[4]

The Plaintiffs presented evidence that they filed their renewal complaint and other necessary documents on June 8, and the Defendants fail to show that there was any material difference between those documents and the documents filed on June 9. The system merely rejected the timely filed renewal complaint and affidavit because they were not filed as a single document rather than two documents. Nevertheless, we have found no requirement in the record, in the Uniform Superior Court Rules, or in

---

[3] (Citations and punctuation omitted.) *Roberson v. Northrup*, 302 Ga. App. 405 (691 SE2d 547) (2010).

[4] *Barbour v. Sangha*, 346 Ga. App. 13, 15 (2) (815 SE2d 228) (2018). Fulton County Superior Court Standing Order, Rule 6(C) (issued Sept. 16, 2015) states that "[i]f an E-Document is rejected by the Clerk of Court, and a filer wishes to challenge the rejection of the prior E-Document and/or relate the date of filing back to the date of the first filing attempt, the filer must petition the Court for such relief."

the Standing Order that require one document instead of two.[5] Thus, we agree with the Plaintiffs that the trial court abused its discretion by failing to grant their motion to direct the clerk to change the filing date of the renewal complaint to June 8, 2021 given these facts. Accordingly, the trial court should have ordered the date changed, and it erred by granting the Defendants' motion to dismiss on this basis. Accordingly, the order granting the Defendant's motion to dismiss is vacated, and the case is remanded for further proceedings consistent with this opinion.

2. Based on our conclusion in Division 1, we need not address the Plaintiffs other arguments.

---

[5] See Uniform Superior Court Rule 36.10 ("Complaints or petitions presented to the clerk for filing shall be filed only when accompanied by the proper filing fee, fee for sheriff service or a pauper's affidavit, a civil case initiation form, and, when applicable, any forms required by law or rule to be completed by the parties. The attorney or party filing the complaint shall furnish the necessary service copies. Judgments, settlements, dismissals and other dispositions presented to the clerk for filing shall be filed only when accompanied by a civil case disposition form."). See also Uniform Superior Court Rule 36.16; Amended Order Implementing Electronic-Filing For Civil Cases, Rule (5) (A) & (B), 4-5 (Fulton Co. Sup. Ct., issued Sept. 16, 2015) ("A. Original Petition and Original Answers. Plaintiff shall file the Original Petition or Original Complaint in each case electronically via eFileGA or via PATs. Each defendant shall make arrangements with the Vendor prior to filing its first appearance or answer in such manner as to allow the timely electronic filing of its first appearance or answer in newly filed cases. B. Subsequent Pleading and Discovery. Parties must E-File all other Documents via eFileGA or at the PATs. Depositions and other discovery referenced in any E-Document may be attached electronically as exhibits, or may be filed separately.").

*Judgment vacated and case remanded with direction. Reese, J., and Senior Appellate Judge Herbert E. Phipps concur.*